ORIGINAL

**BLANK ROME LLP**
Kevin J. Bruno, Esquire
New Jersey Resident Partner
Jeremy J.O. Harwood, Esquire *(to be admitted pro hac vice)*
William R. Bennett, III
301 Carnegie Center, 3rd Floor
Princeton, NJ 08540
(609) 750-7700 (Phone)
(609) 897-7395 (Fax)
KBruno@BlankRome.com (e-mail)

-and-

**KENNY & ZONGHETTI, LLC**
Gino A. Zonghetti, Esquire
P.O. Box 508
Saddle River, NJ 07458
(973) 624-7779

13-315 (WJM)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In the Matter of the Complaint of<br><br>SEASTREAK, LLC, as Owner of the Vessel SEASTREAK WALL STREET for Exoneration from or Limitation of Liability | **VERIFIED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY** |

Petitioner, SeaStreak, LLC, by its attorneys, Blank Rome LLP and Kenny & Zonghetti, LLC, as and for its Verified Complaint seeking Exoneration from or Limitation of Liability, alleges upon information and belief as follows:

1.  This is a proceeding for exoneration from or limitation of liability pursuant to 46 U.S.C. § 30501, et seq. (previously codified as 46 App. U.S.C. §§ 183, 189), involving admiralty and maritime claims within the meaning of Rule 9(h) of the Federal

Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty or Maritime Claims And Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental Rules") as herein more fully appears.

2. Petitioner, SeaStreak, LLC ("SeaStreak" or "Petitioner"), is a Delaware limited liability corporation authorized to do business in New Jersey, with a place of business located at 2 First Avenue, Atlantic Highlands, New Jersey 07716. Petitioner is engaged in the marine transportation business and operates ferryboats between New Jersey, New York and New England. At all times relevant herein, SeaStreak was the Owner of the SEASTREAK WALL STREET.

3. On January 9, 2013 at approximately 8:40 a.m., the SEASTREAK WALL STREET, a catamaran ferry boat, allided with Pier 11 in the East River in downtown Manhattan, New York while engaged in SeaStreak's ferry service (the "Incident").

4. On January 9, 2013, Petitioner SeaStreak, LLC received written notice of a claim for damages by a passenger allegedly as a result of the said allision, and it is believed that numerous additional passengers claiming to have suffered injuries as a result of the incident will make claims against SeaStreak.

5. The alleged injuries to the passengers of the SEASTREAK WALL STREET and any alleged damages were not due to any fault, neglect or want of care on the part of Petitioner.

6. The value of the SEASTREAK WALL STREET on January 9, 2013 was no more than Seven Million Six Hundred Thousand Dollars ($7,600,000.00). (See Affidavit of Michael L. Collyer).

7.  Pursuant to Rule F of the Supplemental Rules, Petitioner **offers an Ad Interim Stipulation for Value** in the amount of Seven Million Six Hundred Thousand Dollars ($7,600,000.00), said value being not less than the value of Petitioner's interest in SEASTREAK WALL STREET.

8.  This Verified Complaint is timely as it was filed within six (6) months of receipt of any written notice of claim.

9.  Venue in this case is proper as the SEASTREAK WALL STREET is within the jurisdictional limits of this Court at the time of the filing of this Verified Complaint.

10. Petitioner claims exoneration from liability for any alleged injury sustained by passengers aboard SEASTREAK WALL STREET as a result of said vessel's allision with Pier 11, and Petitioner alleges that it has valid defenses thereto on the facts and law.

11. Petitioner further claims the benefit of Limitation of Liability provided by 46 U.S.C. § 30501 et seq. (previously codified as App. 46 U.S.C. §§ 183, 189), and the various statutes supplementary thereto and amendatory thereof, and to that end, Petitioner is prepared to provide a stipulation with sufficient surety for the payment to the Court of the value of its interest in the SEASTREAK WALL STREET and its pending freight, whenever the same shall be ordered, as provided for by the aforesaid statute and by Rule F of the Supplemental Rules and by the rules and practice of this Court.

**WHEREFORE**, Petitioner prays:

1. That this Court adjudge that Petitioner is not liable for any loss or damage arising out of the claimed incident on or about January 9, 2013; or if Petitioner shall be adjudged liable, that such liability be limited to

the value of its interest in SEASTREAK WALL STREET in the amount of Seven Million Six Hundred Thousand Dollars ($7,600,000.00), and that Petitioner be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured as aforesaid, be divided *pro-rata* according to the above mentioned statutes among such claimants as may duly prove their claim, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioner from all further liability.

2. That this Court make an Order:

   a. Directing the issuance of a Notice to all persons asserting claims with respect to which this Verified Complaint seeks exoneration from or limitation of liability admonishing them to file their respective claims with the Clerk of this Court and to serve on Petitioner's undersigned counsel a copy thereof on or before a date to be named in the Notice.

   b. Directing Petitioner to file an Ad Interim Stipulation for Value to be approved by the Court, for payment into the Court for the benefit of claimants, the value of Petitioner's interest in the vessel SEASTREAK WALL STREET, as of the date of the alleged accident, with interest at a rate of 6 percent per annum from the date of said security or whenever the Court shall so order.

   c. Directing that, upon Petitioner's filing of an approved Ad Interim Stipulation for Value, as above provided, an injunction shall issue enjoining the prosecution against Petitioner, its agents or representatives and against the vessel SEASTREAK WALL STREET, of any and all claims, actions or proceedings, whether or not already begun, with respect to the incident, except in this proceeding.

3. That Petitioner may have such other and further relief as the justice of this cause may require.

Dated: New York, NY
       January 16, 2013

                                Respectfully Submitted,
                                **BLANK ROME LLP**

                            By: _____
                                **BLANK ROME LLP**
                                Kevin J. Bruno, Esquire
                                New Jersey Resident Partner
                                Jeremy J.O. Harwood, Esquire *(to be admitted pro hac vice)*
                                William R. Bennett, III
                                301 Carnegie Center, 3rd Floor
                                Princeton, NJ 08540
                                (609) 750-7700 (Phone)
                                (609) 897-7395 (Fax)
                                KBruno@BlankRome.com (e-mail)

                                -and-

                                **KENNY & ZONGHETTI, LLC**
                                Gino A. Zonghetti, Esquire
                                P.O. Box 508
                                Saddle River, NJ 07458
                                (973) 624-7779

5

900200.00001/7202308v.1

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Plaintiff knows of no other arbitration or lawsuit involving this matter, nor is any to Plaintiff's knowledge contemplated, and Plaintiff knows of no other person who should be joined at this time.

Respectfully Submitted,<br>
**BLANK ROME LLP**

By: _____
Kevin J. Bruno
New Jersey Resident Partner
301 Carnegie Center
3rd Floor
Princeton, NJ 08540
(609) 750-7700
(609) 750-7701

Dated: January 16, 2013

900200.00001/7202308v.1

6

**BLANK ROME LLP**
Kevin J. Bruno, Esquire
New Jersey Resident Partner
Jeremy J.O. Harwood, Esquire *(to be admitted pro hac vice)*
William R. Bennett, III
301 Carnegie Center, 3rd Floor
Princeton, NJ 08540
(609) 750-7700 (Phone)
(609) 897-7395 (Fax)
KBruno@BlankRome.com (e-mail)

-and-

**KENNY & ZONGHETTI, LLC**
Gino A. Zonghetti, Esquire
P.O. Box 508
Saddle River, NJ 07458
(973) 624-7779

*Attorneys for Plaintiff, SEASTREAK, LLC*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| In the Matter of the Complaint of SEASTREAK, LLC, as Owner of the Vessel SEASTREAK WALL STREET for Exoneration from or Limitation of Liability | **VERIFICATION** |
|---|---|

I, James Barker, declare under the penalty of perjury, that the following is true and correct:

1. I am the President of SeaStreak LLC.

900200.00001/7202782v.1

2.      I have read the forgoing complaint and I believe that the contents thereof are true to the best of my knowledge, information, and belief based on my personal knowledge and the documents and/or information provided to me by the Company.

_____
James Barker

Sworn to at Atlantic Highlands, N.J.
on January 16, 2013

_____
Gino A. Zonghetti
Attorney-At-Law
State of New Jersey
Bar No. 039801991

2