

JAMES M. KENNY
GINO A. ZONGHETTI
KEVIN J. O'DONNELL
KENNETH B. DANIELSEN
JOHN D. BLOMQUIST

26 BROADWAY
NEW YORK, NEW YORK 10004-1882

(212) 422-6111
FACSIMILE: (212) 422-6544
WWW.KZLLC.COM

NEW JERSEY OFFICE
P.O. BOX 508
SADDLE RIVER, NEW JERSEY
07458
(973) 624-7779

Reply to:  Gino A. Zonghetti
New York Office
Extension 208
gino@kzllc.com

January 27, 2013

**VIA ECF:**
Honorable William J. Martini, U.S.D.J.U.
United States District Court for the
    District of New Jersey
Frank R. Lautenberg U.S.P.O. & Courthouse
1 Federal Square
Newark, New Jersey 07102

        Re:    In the Matter of the Complaint of SeaStreak, LLC,
               As Owner of SEASTREAK WALL STREET for
               Exoneration from or limitation of liability
               13-cv-00315 (WJM)(MF)

Dear Counsel:

      We represent petitioner SeaSreak, LLC in the above matter. We write in opposition to the application of Claimants John and Janet Urbanowicz, Anthony and Jackline Lucia, Charles and Geri Lucia and Samantha Bremekamp for an order preventing repairs to SEASTREAK WALL STREET, a commercial ferry operated by petitioner which sustained hull damage on January 9, 2013 as a result of an allision at Pier 11, New York, New York.

      We note that the Court has already signed the order proposed by counsel for said multiple claimants, and appears to have done so without knowing it was submitted on an *ex parte* basis. We understand the Court, after being telephoned *ex parte* about this application by claimants' counsel directed counsel to notify petitioners' counsel via facsimile of the impending application for emergent relief. While claimants' counsel submitted its application and proposed order to the Court at 15:12 hours, as reflected by the facsimile stamp on the top of the proposed order which the Court signed, no facsimile was sent to any counsel for petitioner, or any other party. The ECF filing was not made by counsel for said multiple claimants until 3:54 p.m. (44 minutes later), and by the time the undersigned opened the document and called the Court to inform the Court that we would be responding, the order had already been signed. Accordingly, not only did counsel for claimants telephone the Court concerning the application without first contacting and conferencing in petitioner's counsel, after apparently being directed to immediately send by facsimile what had been forwarded *ex parte* to the



Court, it failed to do so.  We are not only concerned that this was done by counsel for said claimants to gain advantage, improperly, in this instance, but that having succeeded, such conduct will be repeated.

The application by said claimants is meritless, and SeaStreak, LLC respectfully requests that the order barring repairs to be performed to its vessel SEASTREAK WALL STREET be vacated. In fact, ironically, it was SeaStreak LLC's notification to counsel for claimants that it would afford them the opportunity to inspect the vessel prior to necessary repairs being effectuated, which counsel accepted, which led to the application.  In the allision, the vessel suffered hull damage to its starboard bow.  Photographs of said damage are annexed.  The damage to the bow of the vessel was not evidence of any causative factor in the allision, but the results of it. During the initial phase of the investigation by the National Transportation Safety Board ("NTSB"), which took place over the period of one week, the NTSB ordered SeaStreak to make the vessel available for continuous inspection, which ultimately included full speed sea-trials, before which the NTSB, and the United States Coast Guard, required that the starboard hull damage be patched.  This was done with the vessel afloat, and on a temporary basis, and any aluminum cropped from the hull to permit patching has been saved for later inspection, if required.  During sea-trials it was learned that at some point in time the port propeller had picked up debris consisting of a steel cable and a piece of rebar.  Accordingly, there is a concern that the port propeller may have been bent, either before, or after, the allision, and may require repair.  SeaStreak, LLC, with permission of the NTSB and the United States Coast Guard, has brought SEA STREAK WALL STREET to shipyard at Yank Marine in New Jersey.  The NTSB and United States Coast Guard will be in attendance during this shipyard period in furtherance of the investigation of this incident.  Although we are confident that repair of the hull damage does not even remotely represent an issue of spoliation of evidence under the applicable law, out of an abundance of caution we notified counsel for all known claimants and informed them that the vessel will be hauled on Monday, January 28, 2013 and that they will have a reasonable opportunity to inspect and photograph the exterior of the vessel.  We have heard back from all counsel, including counsel which applied to the Court for the order preventing repairs, who have confirmed that they will be sending their respective experts to the shipyard to inspect, photograph and videotape the repairs.

During the shipyard period, SeaStreak will also be making changes to the rudder angle indication system feedback and steering system feedback. The system currently has a common mechanical interface for both feedback systems. Seastreak is to modify the system to provide separate mechanical interface for indication feedback and steering system feedback, as required by the United States Coast Guard. The change, which will not alter in any fashion the manner in which the vessel is operated or maneuvered, is unrelated to any possible cause of the allision. It is not the result of any issue arising out of the Coast Guard's investigation into the allision, but concerns a pre-standing matter that SeaStreak and the Coast Guard had been discussing prior to the allision as part of the Coast Guard's process of issuing a final Certificate of Inspection for SEA STREAK WALL STREET, which had been operated on a temporary Certificate of Inspection, with the Coast Guard's knowledge and consent. Specifically, SeaStreak will be relocating the "rudder feedback potentiometers," which provide readouts of the angles of the rudders, and adding separate belt drives for these units.  The rudder feedback potentiometers are presently housed together with the steering gear control system, and share a belt linkage. The change will further dilute the inter-connectivity of said systems to insure that in the event of a problem with one system, the other will not be affected. The changes will be fully



documented, including with the United States Coast Guard, so that any expert that may be engaged in this litigation can review and analyze the modifications.

There exists absolutely no basis under the law, or the facts, for the continuation of an order preventing SeaStreak, LLC from effecting repairs to the vessel upon being given approval by the United States Coast Guard, and the NTSB to do so, following the inspection by counsel for claimants on Monday.[1]  Since the hull damage has been photographed, and will be inspected by representatives of claimants, as will be any possible damage to the propeller, there is no spoliation issue.  As clear, there is no basis in law, nor probative value, or benefit to claimants, in preventing repair of the hull damage.  Additionally, if the propeller is damaged, and accordingly has to be removed and replaced, SeaStreak, as per its notice to counsel for claimants, will preserve the damaged propeller in its present condition, until claimants are afforded a further opportunity to inspect and photograph it following the shipyard period.

Accordingly, SeaStreak requests that the order issued, apparently *ex parte,* be vacated by the Court.   We believe that Monday's inspection by the parties will moot any potential issue for hearing on Tuesday.

We thank the Court for its attention to this matter.

> Very truly yours,
> Kenny & Zonghetti, LLC
>
> Gino A. Zonghetti

Cc:   **VIA ECF:**
      Andrew V. Buschbaum, Esq.
      Bernard D. Freidman, Esq.
      John P. James, Esq.
      Jacqueline DeCarlo, Esq.
      Norman Hobbie, Esq.
      Brian Ansell, Esq,

---

[1] *See Burlington Northern & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013 (10th Cir. 2007)(district court properly denied application for spoilation sanctions where condition of properly was documented before and after remediation).  Spoliation giving rise to an evidentiary sanction must arise out of an actual suppression or withholding of evidence that is *relevant* to a claim.  *Mosaid Technologies Inc. v. Samsung Electronics Co., Ltd*, 348 F.Supp.2d 332 (D.N.J. 2004)

3



Edward Petkevis, Esq.
William R. Bennett, III, Esq.





















