Norman M. Hobbie, Esq.
Jacqueline DeCarlo, Esq.
**HOBBIE, CORRIGAN & BERTUCIO, P.C.**
125 Wyckoff Road
Eatontown, New Jersey 07724
(732) 380-1515
NH 2679
JD 2676
ATTORNEYS FOR CLAIMANTS
John and Janet Urbanowicz
Charles and Geri Lucia
Anthony and Jackline Lucia
Samantha J. Bremekamp

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## NEWARK VICINAGE

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF SEASTREAK, LLC, AS OWNER OF THE VESSEL SEASTREAK WALL STREET FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Civil Action No. 2:13-cv-00315-WJM-MF<br><br>**AFFIDAVIT OF JACQUELINE DeCARLO, ESQ.** |

STATE OF NEW JERSEY:
                SS
COUNTY OF MONMOUTH:

      JACQUELINE DECARLO, of full age, being duly sworn according to law, hereby deposes and says:

      1.    On Friday, January 25, 2013, at approximately 1:00 p.m., the undersigned received notice that the SEASTREAK WALL STREET, which is the vessel that was involved in the January 9, 2013 crash at Pier 11 in New York City was being made available for inspection on Monday, January 28, 2013 at 12:30 a.m. In addition, the notice indicated that certain repairs had already been made to the subject vessel and that additional repairs/modifications to the vessel/parts of the vessel were possible.

2. Upon receipt of this information, the undersigned, attorney for the above Claimants, in an effort to preserve critical evidence to their case, immediately consulted with an expert.

3. Thereafter, the undersigned contacted Your Honor's chambers to advise that the Claimants would be applying for an Order preserving evidence and to request guidance as to whether the Court had a preference as to whether or not the letter and proposed order should be e-filed. The undersigned was not advised by Your Honor's chambers to "immediately send by facsimile what had been forwarded *ex parte*." The undersigned was advised to e-file the submission and to send a copy of Claimants' submission to Your Honor's chambers via facsimile. Said submission was faxed to the Court at 3:39 p.m., and e-filed at approximately 3:54 p.m. (See Affidavit of Dawn Soto annexed hereto as Exhibit A.)

4. In this regard, the fax to the Court also reflected that the initial fax was also to be faxed to Kenny & Zonghetti. The fax was inadvertently not sent to Kenny & Zonghetti via facsimile and was due to a miscommunication among the staff. (See Affidavit of Joan O'Brien annexed hereto as Exhibit B.)

5. However, Kenny & Zonghetti were served via e-filing at 3:54 p.m. (See Affidavit of Christina Mannon annexed hereto as Exhibit C.)

6. Petitioner's attorneys (Kenny & Zonghetti) now question the timing of the fax to the Court and the e-filing of the documents asserting that somehow the filing was "*ex parte*" and purposefully delayed. Neither accusation is true.

7.  It should be noted that the actual fax machine utilized to fax the initial letter and proposed Order to the Court is 27 minutes less that the actual time of day. (See Photographs annexed as Exhibit D.)

_____
JACQUELINE DECARLO

Sworn to and Subscribed to
Before me this 28th day of
January , 2013.

TRISHA L. MILLER
A Notary Public of New Jersey
My Commission Expires December 1, 2014

3