JAMES M. KENNY
GINO A. ZONGHETTI
KEVIN J. O'DONNELL
KENNETH B. DANIELSEN
JOHN D. BLOMQUIST

 

26 BROADWAY
NEW YORK, NEW YORK 10004-1882

(212) 422-6111
FACSIMILE: (212) 422-6544
WWW.KZLLC.COM

NEW JERSEY OFFICE
P.O. BOX 508
SADDLE RIVER, NEW JERSEY
07458
(973) 624-7779

Reply to: Gino A. Zonghetti
New York Office
Extension 208
gino@kzllc.com

January 29, 2013

**VIA ECF:**
Honorable William J. Martini, U.S.D.J.U.
United States District Court for the
      District of New Jersey
Frank R. Lautenberg U.S.P.O. & Courthouse
1 Federal Square
Newark, New Jersey 07102

Re:  In the Matter of the Complaint of SeaStreak, LLC,
     As Owner of SEASTREAK WALL STREET for
     Exoneration from or limitation of liability
     13-cv-00315 (WJM)(MF)

Dear Judge Martini:

We represent petitioner SeaStreak, LLC in the above matter, which is the subject of an *ex parte* temporary restraining order issued by the Court on January 25, 2013 preventing SeaStreak, LLC from effecting repairs to its vessel SEA STREAK WALL STREET which was involved in an allision with Pier 11 in Manhattan on January 9, 2013. Claimants John and Janet Urbanowicz, Anthony and Jackline Lucia, Charles and Geri Lucia and Samantha Bremekamp, who are represented by the same counsel, applied *ex parte* for an order preventing repairs to SEASTREAK WALL STREET, a commercial ferry operated by petitioner, which sustained hull damage in the allision of January 9, 2013, which the Court granted without notice or providing SeaStreak, LLC an opportunity to be heard. Claimants' application was made in response to SeaStreak, LLC's notification to claimants who have filed claims in this action filed by SeaStreak, LLC pursuant to the Exoneration and Limitation of Liability Act, 46 U.S.C.A. Sec. 30501 *et seq.,* that the vessel would be made available for inspection of damage that will be repaired so as to avoid any future claim of spoliation of evidence on January 28, 2013 at Yank Marine shipyard in Tuckahoe, New Jersey. A hearing has been scheduled before the Court, apparently with respect to continuation of the temporary restraining order/preliminary injunction for January 29, 2013 at 2:00 p.m.

As the Court is aware, petitioner has requested that the temporary restraining order be dissolved on the grounds that it was inappropriately issued, and was without basis of fact or law. Petitioner

1



established that it was providing claimants with an opportunity to inspect the damage to the vessel which was being repaired, and, accordingly, no issue of spoliation existed. The inspection that was offered by SeaStreak, LLC was conducted yesterday, and two attorneys for the claimants in question appeared, along with their appointed maritime expert, Captain Richard DiNapoli appeared at the shipyard. The expert and counsel were able to view, photograph and measure three broken windows aboard the ferry, two areas of hull damage that will be repaired, and the vessel's propellers. Capt. DiNapoli was afforded the opportunity in the presence of counsel for claimant to speak with SeaStreak, LLC's engineer, Christopher Bierker, who was able to more fully explain the unrelated change to the rudder indicator that will be performed during the shipyard period in order to satisfy a pre-existing requirement of the United States Coast Guard. Our impression was that Capt. DiNapoli understood that these changes were entirely unrelated and was unconcerned about them. In sum, claimants and their expert have been given a full opportunity to view any areas damaged in the allision that will be repaired in shipyard. No further work will be performed on the vessel in the shipyard as a result of anything related to the allision. There, accordingly, is no issue of spoliation of evidence, and the restraining order must be vacated.

We note that Fed.R.Civ.P. 65(b) governs the issuance of temporary restraining orders and states as follows in pertinent part:

> **(b) Temporary Restraining Order.**
>
> **(1)** *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.
> **(2)** *Contents; Expiration.* Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after entry--not to exceed 14 days--that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.
> **(3)** *Expediting the Preliminary-Injunction Hearing.* If the order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character. At the hearing, the party who obtained the order must proceed with the motion; if the party does not, the court must dissolve the order.
> **(4)** *Motion to Dissolve.* On 2 days' notice to the party who obtained the order without notice--or on shorter notice set by the court--the adverse party may appear and move to dissolve or modify the order. The court must then hear and decide the motion as promptly as justice requires.



**(c) Security.** The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. The United States, its officers, and its agencies are not required to give security.

*None* of the requirements of Fed.R. Civ.P. 65(b) were satisfied by claimants prior to the issuance of the temporary restraining order without notice.  Claimants did not submit an affidavit or verified complaint, and did not establish that irreparable harm was imminent.  Indeed, claimants sought the restraining order to avoid spoilation of evidence, although it was SeaStreak, LLC which alerted claimants that it would be making repairs to damage, affording them an opportunity to view and photograph the damage. Further, since federal common law allows for various potential sanctions, including an adverse inference in the event relevant evidence is intentionally spoiled, no potential for irreparable harm exists.  The order that was issued did not comply with Rule 65(b) – it did not state the date and hour it was issued, it did not describe the injury, nor state why it was irreparable.  The order does not set a date that it expires. Although the Court set a conference for 2 p.m. today, the Court did not set a hearing on a preliminary injunction.  Most importantly, the Court failed to require security by claimants before issuing the order temporarily restraining SeaStreak, LLC from effecting repairs on its vessel in shipyard.   SEASTREAK WALL STREET is a ferry boat used in SeaStreak, LLC's ferry service, and not only will a continuation of the order restraining SeaStreak, LLC from repairing the vessel cause SeaStreak, LLC to incur unnecessary shipyard costs due to delay, it ultimately will cause petitioner to lose income.

Although the restrictions imposed upon the issuance of a TRO without notice "… are stringent, they 'reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.'" *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers,* 415 U.S. 423, 438–39, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974); *Jones v. H.S.B.C. (USA),* 844 F. Supp. 2d 1099, 1100 (S.D. Cal. 2012). The specific requirements of Rule 65(b) are not mere technical legal niceties. They are "strongly worded, mandatory provisions which should be respected. They are not meaningless words." *Shannon v. Retail Clerks, International Protective Association,* 128 F.2d 553, 555 (7th Cir.1942). Indeed:

> "A temporary injunction can be an extremely powerful weapon, and when such an order is issued ex parte, the dangers of abuse are great. *See Walker v. City of Birmingham,* 388 U.S. 307, 330, 87 S.Ct. 1824, 1837, 18 L.Ed.2d 1210 (1967) (Warren, C.J., dissenting) ("This injunction was such potent magic that it transformed the command of an unconstitutional statute into an impregnable barrier, challengeable only in what likely would have been protracted legal proceedings and entirely superior in the meantime even to the United States Constitution."). *See also Carroll v. President of Princess Anne, supra.* Because "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute," *Granny Goose Foods, supra,* 415 U.S. at 439, 94 S.Ct. at 1124, the procedural hurdles of \*Rule 65 are intended to force both the movant and the court to act with great care in seeking and issuing an ex parte restraining order. This court has said that Rule 65(d) with its companion requirements "is no mere extract from a manual of procedural



practice. It is a page from the book of liberty." *H.K. Porter Co. v. National Friction Products Corp.,* 568 F.2d 24, 27 (7th Cir.1977). The same is true for the Rule 65(b) requirements for ex parte temporary restraining orders where the dangers of abuse are especially great. *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 324-25 (7th Cir. 1984).

SeaStreak, LLC submits that claimants articulated no legitimate reason for proceeding *ex parte* and obtaining a TRO without notice to SeaStreak, LLC. There was not even remotely a likelihood that SeaStreak, LLC would act so as to destroy the subject matter of the TRO, i.e. repair the damage caused by the allision, before being given an opportunity to be heard; in fact, SeaStreak, LLC *alerted* claimants that it would be affording them the opportunity to inspect the damage before repairs were made. SeaStreak, LLC respectfully asserts that the TRO, issued without notice to SeaStreak, LLC must be vacated immediately.

Further, there exists no basis for the issuance of a preliminary injunction. A preliminary injunction may only be issued if the moving party shows that it specifically and personally risks irreparable harm. *Adams v. Freedom Forge Corp.,* 204 F.3d 475, 487 (3d Cir.2000). "Before granting a preliminary injunction, a district court *must* consider the extent to which the moving party will suffer irreparable harm without injunctive relief." (Emphasis added.) *Novartis Consumer Health, Inc. v. Johnson & Johnson–Merck Consumer Pharmaceuticals Co.,* 290 F.3d 578, 595 (3d Cir.2002); *Liberty Lincoln-Mercury, Inc. v. Ford Motor Co.*, 562 F.3d 553, 557 (3d Cir. 2009). In addition, a party seeking a preliminary injunction must provide adequate security. Fed.R.Civ.P. 65 ( c).

Claimants cannot establish any irreparable harm in the event the damage to the hull of the vessel is repaired. Claimants cannot establish any irreparable harm in the event any damage that may be found with respect to the vessel propellers, which claimants viewed, and photographed.

The undersigned spoke with counsel for claimants following yesterday's inspection and inquired as to whether there was any reason for the TRO to be continued, in an effort to resolve this matter without further involvement of the Court. Counsel for claimants, while not agreeing to dissolve the TRO, were unable to articulate any specific reason as to why an order preventing SeaStreak, LLC to repair the vessel should remain in place. It should be noted that counsel for claimants appear to be confusing a discovery inspection pursuant to Fed.R.Civ.P. 34 with the inspection that was afforded counsel, pre-discovery, for the sake of allowing counsel to preserve evidence and for SeaStreak, LLC to avoid a subsequent claim of spoliation of evidence. Counsel for claimants, vaguely, have referred to a right to an inspection of the vessel tantamount to a Fed.R.Civ.P. 34 inspection. Yet, claimants obviously have no right to such an inspection, nor have they articulated any basis for one.

Counsel for claimants, in her letter to the Court of yesterday, asserted that United States Coast Guard Form 835s did not exist, essentially accusing SeaStreak, LLC of manufacturing its articulated need to repair the damage to its hull. Aside from the fact that the photographs that were produced by SeaStreak, LLC (and which were already widely publicized in the press), show substantial hull damage, which obviously needs to be repaired, annexed hereto are the USCG 835s which are being responded to by SeaStreak during the shipyard period. So, claimant's last-ditched effort to explain a need for the continuation of the TRO was misplaced.



    We respectfully request that the temporary restraining order be vacated immediately. We thank the Court for its attention to this matter.

                                                        Very truly yours,
                                                        Kenny & Zonghetti, LLC

                                                        Gino A. Zonghetti

Cc:    **VIA ECF**:
        Andrew V. Buschbaum, Esq.
        Bernard D. Freidman, Esq.
        John P. James, Esq.
        Jacqueline DeCarlo, Esq.:
        Norman Hobbie, Esq
        Brian Ansell, Esq.:
        Paul Hofmann, Esq.
        Edward Petkevis, Esq.
        William R. Bennett, III, Esq.

**HOMELAND SECURITY / U.S. COAST GUARD — CG-835 (Rev. 03-10)**

## Vessel/Facility Inspection Requirements

| Date of Inspection | COTP/OCMI Zone | | |
|---|---|---|---|
| 11 JAN 2013 | Sec NEW YORK | | |

| Vessel/Facility Name | ON/FIN | Inspection Type |
|---|---|---|
| Seastreak Wall Street | 1145690 | An Service |

You must inform the inspecting officer when the following item(s) have been corrected:

| Description | Cite | Due Date |
|---|---|---|
| ABDs Aft main deck life jacket door is very hard to open and needs repair | | PRD |

Vessel/Facility Representative: (print) Jack Bevins
USCG Inspector: (print) AARON Browner

Sign: [signature]
Sign: [signature] ACBrown

U.S. Dept. of Homeland Security, USCG, CG-835, Rev. 03-10

MASTER/REPRESENTATIVE

**U.S. DEPARTMENT OF HOMELAND SECURITY**
**U.S. COAST GUARD**
CG-835 (Rev. 03-10)

## Vessel/Facility Inspection Requirements

**Date of Inspection:** 15 Jan 2013
**COTP/OCMI Zone:** Sector New York
**Vessel/Facility Name:** Seastreak Wall Street
**ON/FIN:** 1145690
**Inspection Type:** In-Service

You must inform the inspecting officer when the following item(s) have been corrected:

| Description | Cite | Due Date |
|---|---|---|
| AB 11: Provide updated vessel operations manual for approval by OCMI of NY. | | PTCP |
| AB 12: Vessel must provide MSC approved DVT, FMEA, and PSTP plans to OCMI sector NY | | PTCP |

**Vessel/Facility Representative:** (print) Jack Byrn
**Sign:** [signature]
**USCG Inspector:** (print) AARON Brawner CWO
**Sign:** AC Brawn CWO
**Phone:**
**Email:**

U.S. Dept. of Homeland Security, USCG, CG-835, Rev. 03-10

MASTER/REPRESENTATIVE

**U.S. COAST GUARD** 
CG-835 (Rev. 03-10)

## Vessel/Facility Inspection Requirements

| Date of Inspection | COTP/OCMI Zone | | |
|---|---|---|---|
| 9 Jan 2013 | Sec New York | | |
| Vessel/Facility Name | ON/FIN | Inspection Type | |
| Seastreak Wall Street | 1145690 | Damage | |

You must inform the inspecting officer when the following item(s) have been corrected:

| Description | Cite | Due Date |
|---|---|---|
| ABCD3: Repair as new/original STBD main deck glass window Two FWD Center Stair well | | PTCP |
| A304: Repair as new/original 01 deck glass window Two Aft & STBD door's | | PTCP |
| AB05: Provide a tech report and prove proper operation of all steering & throttle control engine stations to include Port, STBD, Center in the presents of CGMI. ★ All items are prior to carrying passengers | | PTCP |

| Vessel/Facility Representative: (print) | Sign |
|---|---|
| Jack Dyins | [signature] |
| USCG Inspector: (print) | Sign |
| AARON Brawner | [signature] Brawn |
| Phone | Email |

U.S. Dept. of Homeland Security, USCG, CG-835, Rev. 03-10

**MASTER/REPRESENTATIVE**

**U.S. Dept. of Homeland Security — U.S. Coast Guard — CG-835 (Rev. 03-10)**
**Vessel/Facility Inspection Requirements**

| Date of Inspection | COTP/OCMI Zone | | |
|---|---|---|---|
| 11 JUN 2013 | SEC New York | | |
| Vessel/Facility Name | ON/FIN | Inspection Type | |
| Seastreak Wall Street | 1145690 | In-Service | |

You must inform the inspecting officer when the following item(s) have been corrected:

| Description | Cite | Due Date |
|---|---|---|
| AB006: Repair crack in deck two goose neck vent to L02 space on port side. | | PTCP |
| AB007: Vessel must submit all plans and documentation for Humphree Interceptor Trim Tab installation to Sector NY OCMI & MSC for plan approval | | PTCP |
| AB008: Repair buc on STBD side elec room | | PTCP |
| AB009: Deck 01 aft port door closure needs repair. | | |

Vessel/Facility Representative (print): Jack Devins
Sign: [signature]
USCG Inspector (print): AARON Brawner
Sign: [signature] CWO
Phone: 
Email:

MASTER/REPRESENTATIVE

**U.S. DEPARTMENT OF**
CG-835 (Rev. 03-10)
**Vessel/Facility Inspection Requirements**

| Date of Inspection | COTP/OCMI Zone |
|---|---|
| 9 Jan 2013 | Sec New York |

| Vessel/Facility Name | ON/FIN | Inspection Type |
|---|---|---|
| Seastreak Wall Street | 1145690 | Damage |

You must inform the inspecting officer when the following item(s) have been corrected:

| Description | Cite | Due Date |
|---|---|---|
| AB01: Vessel must submit repair proposal plan for repair of STBD FWD Bow void #1 for review & approval to Sector New York OCMI. | | PTCP |
| AB02: Vessel must submit Repair proposal plan for repair of FWD STBD Bow main deck two loading ramp area for review & approval to Sector New York OCMI. | | PTCP |

Vessel/Facility Representative: (print)  Jack Bains
USCG Inspector: (print) Aaron Brawner
Phone:
Sign: [signature]
Sign: [signature] CWO
Email:

U.S. Dept. of Homeland Security, USCG, CG-835, Rev. 03-10

MASTER/REPRESENTATIVE