Michael T. Warshaw, Esq.
**ZAGER FUCHS, P.C.**
**268 Broad Street, P.O. Box 489**
**Red Bank, NJ 07701**
**(732)747-3700**
MW3764
ATTORNEYS FOR CLAIMANT
Elizabeth Finn

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In the Matter of the Complaint of | Civil Action No. 2:13-cv-00315-WJM-MF |
| SEASTREAK, LLC, as Owner of the vessel SEASTREAK WALL STREET for Exoneration from or Limitation of Liability | **CLAIM OF DAMAGE OF ELIZABETH FINN** |

Claimant, ELIZABETH FINN, by her attorneys, ZAGER FUCHS, P.C., claiming of limitation plaintiff SeaStreak, LLC ("SeaStreak") as owner, owner *pro hac vice* and/or charterer of the vessel SEASTREAK WALL STREET pursuant to Rule F(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and without prejudice to claimant's right to seek a trial by jury of his claims, whether in the within Court or within an appropriate state court as authorized by the "saving to suitors" clause of The Judiciary Act of 1789, as amended, codified at 28 U.S.C. Sec. 1331(1), states as follows:

1. At all times relevant to this action, SeaStreak, LLC, is an/the owner of SEASTREAK WALL STREET, a high speed catamaran ferryboat, and the vessel which is the subject of this matter

2. At all times relevant to this action, SeaStreak, LLC owned, chartered, operated,

maintained and/or otherwise controlled the vessel SEASTREAK WALL STREET.

3. On the 9th day of January, 2013, said the vessel violently collided with Pier 11 in the East River in downtown Manhattan while transporting fare paying passengers, including claimant herein.

4. At the time of said collision, SeaStreak, LLC, by its employees, agents, servants, the vessels Master and/or its captain/pilot, the vessel's crew, and within the privity or knowledge of SeaStreak, LLC and by the failure of SeaStreak, LLC to maintain a safe and seaworthy vessel, was steering, operating and navigating the vessel SEASTREAK WALL STREET within the navigable waters of the East River, at or near pure 11 in downtown Manhattan, New York City, New York.

5. At all times relevant to this action, claimant, Elizabeth Finn, was and is a resident of the borough of Sea Bright, County of Monmouth and state of New Jersey.

6. On the aforesaid date, Claimant, Elizabeth Finn, a passenger on said vessel, was violently thrown about, causing her to suffer severe, grievous, permanent and irreparable physical, emotional and psychological injuries.

7. The full extent of Claimant, Elizabeth Finn's permanent injuries are not yet known.

8. The collision was caused by, among other things, the failure of SeaStreak, LLC, to operated said vessel in a safe and proper manner, in accordance with principles of good seamanship. Specifically, Petitioner:

    a. Willfully and in reckless disregard for the safety of the passengers, operated the vessel at an excessive rate of speed considering the conditions then existing;

    b. Established as its customary practice and procedure unsafe and reckless

2

    navigational and docking procedures, whereby the speed of the vessel was primary, and safety an afterthought;

c. Failed to conduct adequate sea trials following vessel modifications to ensure that the vessel, its engines and navigational equipment could safely operate under the extreme conditions established by the vessel owner/operator;

d. Failed to adequately train the crew to react in response to foreseeable emergency conditions that could result from the high speed operation of the vessel;

e. Failed to adequately supervise the crew;

f. Failed to properly inspect and/or maintain the vessel;

g. Lacked the ability to properly maneuver the vessel, or to adequately respond to the complaints of the master crew that the vessel was difficult to maneuver;

h. In the overhaul of the vessel, improperly substituted equipment to increase economy at the expense of safety and performance.

I. Failed to have adequate back up systems in place considering the foreseeable risk of system failure that would result from the extreme conditions under which the vessel was operated;

j. Failed to approach the pier/dock in proper direction;

k. Failed to maintain and/or reduce speed in accordance with said conditions then existing;

l. Violated one or more Rules of the Road pertaining to vessels in navigation;

m. Failed to warn Claimant of the risks inherent in said operation of the vessel;

n. Failed to keep a proper lookout;

      o.    Failed to operate and maintain a seaworthy vessel with a properly trained and competent crew;

      p.    Such other acts of negligence, recklessness or unseaworthy conditions as shall be revealed through discovery and proven at trial.

9. As a direct and proximate result of the above stated negligent, reckless acts and/or the unseaworthiness of the vessel, the vessel violently struck the pier/dock.

10. The Claimant, Elizabeth Finn, was caused to be violently thrown about, dropping violently back onto the vessel, suffering severe, grievous, permanent and irreparable physical, emotional and psychological injuries.

11. The foregoing collision was caused in whole or in part by the aforesaid negligence, and/or recklessness of the vessel's Master, and/or its captain/pilot, the vessel's crew, agents, servants and employees, and within the privity or knowledge of SeaStreak, LLC, and by the failure of SeaStreak, LLC, to maintain a safe and seaworthy vessel at the inception of, and during the duration of the voyage.

12. The foregoing collision was caused in whole or in part by the negligence of SeaStreak, LLC, in its capacity as vessel owner, and within the privity or knowledge of SeaStreak, LLC, and the master of the vessel, and/or its captain/pilot, by its agents, servants and supervisors, the knowledge of whom is chargeable to SeaStreak, LLC.

13. As a result of said negligence, recklessness and unseaworthiness, Claimant, Elizabeth Finn, suffered severe, grievous, permanent and irreparable physical, emotional and psychological injuries, the full extent of which are not yet known. Claimant, Elizabeth Finn, reserves the right to supplement/amend the following list of injuries.

4

    a.    Orthopedic injuries

    b.    Neurologic injuries

    c.    psychological and emotional trauma, anxiety, torment and aguish;

    d.    economic loss; and

    e.    loss of enjoyment of life

14. Claim is being made for compensatory damages for these injuries, punitive damages, plus pre-and post judgment interest, costs of suit and attorney's fees.

15. Claimant is entitled to maintain an action to recover damages for the injuries sustained, and hereby claims $10,000,000.00 as the amount of such damages, no part of which has been paid.

16. This claim in this limitation proceeding is being made under protest and without prejudice to Claimant's position that this limitation action is improper, that the limitation actions is brought in bad faith and based upon an intentional misstatement of the facts, and should be dismissed.

**WHEREFORE** the said Claimant, Elizabeth Finn as aforesaid, demand judgment in the amount of $10,000,000.00, plus pre-and post judgment interest, costs, and attorney's fees.

_____
Michael T. Warshaw, Esq.
Attorney for Claimant
Elizabeth Finn

### REQUEST FOR JURY TRIAL

The Claimant requests a jury trial on her Claim, which, had they been allowed to file in

state court, would have been allowed, and as to which they should not be deprived on account of the exoneration claim, particularly if such claim is unsuccessful. Alternatively, Elizabeth Finn requests an advisory jury.

                                                Michael T. Warshaw, Esq.
                                                Attorney for Claimant
                                                Elizabeth Finn

## LOCAL CIVIL RULE 11.2 CERTIFICATION

I certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration proceeding and no other action or arbitration proceeding is contemplated. At the present time, I do not know the names of any other parties who should be joined in this action, other than those who have already filed pleadings in the within matter.

## VERIFICATION

Elizabeth Finn, being duly sworn, deposes and says that she is the claimant in the above-captioned action; that she has read the foregoing and knows the contents thereof; that the same is true to her own knowledge except as to matters therein stated to be alleged on information and belief and that, as to those matters therein stated to be alleged on information and belief are investigations and representations made by representatives of the claimant and documents in her possession.

                                                Elizabeth Finn

Sworn to and Subscribed to
before me this 5 day
of February, 2013

MICHAEL T. WARSHAW
AN ATTORNEY AT LAW
OF THE STATE OF NEW JERSEY

6