The Arnette Law Firm, LLC
P.O. Box 7366
Shrewsbury, NJ  07702
732-933-9900
732-933-9959 FAX
Attorney for Claimants
Michelle Jenks

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF SEASTREAK, LLC, AS OWNER OF THE VESSEL SEASTREAK WALL STREET FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Civil Action No. 2:13-cv-00315-WJM-MF |

ANSWER TO COMPLAINT FOR EXONERATION
FROM OR LIMITATION OF LIABILITY
AND CLAIM OF MICHELLE JENKS
JURY TRIAL DEMANDED AND AFFIRMATIVE DEFENSES

And now comes Michelle Jenks, a passenger on the SEASTREAK WALL STREET, a high speed catamaran ferryboat, by and through her attorney, Scott C. Arnette, Esq., of THE ARNETTE LAW FIRM, LLC, for their Answer and Affirmative Defenses to the Complaint in Limitation of SeaStreak, LLC, state as follows:

1. The allegations contained in this paragraph do not pertain to this Claimant, and therefore no response is required.  To the extent that this Petitioner has failed to comply with the required provisions of the *Limitation of Liability Act,* 46 USC 30501, *et seq., Fed. R. Civ. P.* 9(h) and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, the allegations contained in this paragraph, as they pertain to this Petitioner's attempt to limit liability, are denied.

2. The allegations contained in this paragraph do not pertain to this Claimant, and therefore no response is required. To that extent that this Petitioner has failed to comply with the required provisions of the *Limitation of Liability Act,* 46 USC 30501, *et seq., Fed. R. Civ. P.* 9(h) and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, whereby said failure creates a jurisdictional defect, the allegations contained in this paragraph, as they pertain to this Petitioner's attempt to limit liability, are denied.

3. The allegations that the vessel collided with the pier are admitted.

4. The allegations contained in this paragraph do not pertain to this Claimant, and therefore no response is required. To the extent that this Petitioner has failed to comply with the required provisions of the *Limitation of Liability Act,* 46 USC 30501, *et seq., Fed. R. Civ. P.* 9(h) and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, the allegations contained in this paragraph, as they pertain to this Petitioner's attempt to limit liability, are denied.

5. The allegations contained in this paragraph are denied, as they pertain to the conduct of the Petitioner, its agents, servants and employees, and any other culpable parties for whose negligence and recklessness the petitioner is responsible.

6. The allegations as to the value of the vessel are denied. Further, as part of a joint venture involving several vessels, the value of the SEASTREAK WALL STREET is material only in that its proper value, and pending freight, needs to be included in computing the value of the flotilla.

7. The allegations as to the value of the vessel are denied. Further, as part of a joint venture involving several vessels, the value of the SEASTREAK WALL STREET is

material only in that its proper value, and pending freight, needs to be included in computing the value of the flotilla.

8. Admitted.

9. Upon information and belief, venue is admitted under protest and without prejudice to Claimant's position that this limitation action is improper.

10. Claimant denies that Petitioner has any defense to the claims of Claimant that would support limitation of, or exoneration from, liability.

11. Claimant denies that Petitioner is entitled to the protections of 46 USC 30501 et seq. and the various statutes supplementary or amendatory thereto. Further, Claimant denies that the proper surety is limited to the value of the vessel, SEASTREAK WALL STREET and its pending freight. Said surety must also include the value of all vessels in the flotilla, their pending freight, and an additional sum of $420 per gross ton of this vessel and all vessels in said flotilla.

WHEREFORE, Claimant, Michelle Jenks, prays that the within complaint in limitation be dismissed with prejudice and at the costs of SeaStreak, LLC, and that the Order Restraining Suits be vacated. In the alternative, Claimant Michelle Jenks prays:

1. For an award in the full, unlimited, amount of their injuries, plus punitive damages, interest, costs and attorney's fees, and that they be awarded a maritime tort lien against the Limitation Vessel and all vessels that constitute the flotilla;

2. That judgment of condemnation and sale be entered against the Limitation Vessel, and all vessels that constitute the flotilla, their engines, tackle, appurtenances, etc.

## Affirmative Defenses

1. The acts leading to the losses claimed by claimant was within the privity and knowledge of the Petitioner SeaStreak, LLC, and its agents, servants and supervisors, the knowledge of whom is chargeable to Petitioner SeaStreak, LLC.

2. The collision occurred with the privity and knowledge of the Master of the SEASTREAK WALL STREET, whose knowledge, for purposes of personal injury claims, is imputed to the owner of the SEASTREAK WALL STREET.

3. Posting of Bond is untimely.

4. The security posted or pledged by the Petitioner is inadequate and the action should be dismissed.

5. The limitation fund must be increased pursuant to the "flotilla doctrine".

6. The limitation of fund for personal injury claims must include $420 per gross ton of the subject vessel and all vessels within the flotilla; absent adequate security, this action should be dismissed.

7. The SEASTREAK WALL STREET was unseaworthy at the commencement of, and during, the voyage. This unseaworthiness was known to SEASTREAK, LLC, and/or its Master, who failed to exercise due diligence to make the vessel seaworthy at the inception of, and/or for the duration of the voyage in question.

8. Claimant is entitled to have her claims heard by a jury in a State Court of their choosing and are entitled to such other defenses as available at law or equity and as discovery reveals.

## CLAIM OF MICHELLE JENKS

MICHELLE JENKS, (hereinafter sometimes described as "claimant"), states the following claim against SEASTREAK, LLC and respectfully alleges upon personal knowledge and information and belief as follows, and further answering the Complaint, and as and for their claim against SEASTREAK, LLC, claimant states as follows:

1. Claimant repeats and re-alleges each and every allegation stated above with the same force and effect as if set forth in their entirety.

2. The jurisdiction of this Court over this claim arises under and by virtue of the General Admiralty and Maritime Law, pursuant to 28 USC § 1333, and through diversity of citizenship, 28 USC § 1332, this being a claim in excess of $75,000.00 exclusive of costs and interest.

3. Claimant is hereby entitled to a trial by jury pursuant to the "savings to suitors" clause, 28 USC § 1333 which permits, by statutory authority or through the operation of common law, the right to a trial by jury.

4. At all times here involved claimant was a resident of the State of New Jersey, and was such on January 9, 2013. SEASTREAK LLC admits it is diverse from plaintiff, it being a corporation with the State of Delaware.

5. On January 9, 2013, claimant MICHELLE JENKS was a passenger aboard the SEASTREAK WALL STREET, which was involved in an allusion with a pier in Manhattan, New York.

6. Said occurrence caused severe injuries to claimant MICHELLE JENKS and was the result of the negligence of the petitioner, its officers, servants, agents, employees

and/or other persons for whom said petitioner was and is responsible, and by the unseaworthiness of the vessel SEASTREAK WALL STREET.

7. Said injuries were not caused or contributed to by any fault or negligence on the part of claimant, but were caused by reason of the negligence of the petitioner, its officers, servants, agents, and employees and/or other persons for whom petitioner was and is responsible, and the unseaworthiness of the vessel, referred to above, in that *inter alia*:

   A. The conduct of the vessel was such that it was operated, controlled, managed and maintained in a careless and negligence manner;

   B. The vessel was not safe, staunch, properly equipped, supplied or seaworthy

   C. Petitioner failed to maintain the said vessel and its equipment and appliances, in a safe and seaworthy condition;

   D. The vessel was not reasonably safe or suitable to perform the intended voyage;

   E. The vessel was permitted and allowed to go upon the waters in and unsafe and unseaworthy condition and that such condition of said vessel and any and all damages and injuries was done, occasioned and incurred with the privity or knowledge of the petitioner, its officers, agents, servants or employees at or prior to the commencement of the voyage;

   F. Petitioner, its officers, agents, servants, employees, and/or other persons for whom the petitioner was and is responsible, failed to take suitable precautions for the safety of the claimant's decedent under the circumstances and conditions then existing to the knowledge of the petitioner, the said petitioner having actual and constructive notice of the unsafe, dangerous and unseaworthy conditions.

8. Claimant reserves the right to claim against the petitioner and the vessel for such other and further and different faults, negligence, and unseaworthiness as the evidence may disclose.

9. Claimant further alleges that petitioner breached the nondelegable duty in permitting the vessel to go upon the waters in an unsafe and unseaworthy condition, and that the casualty caused by said vessel and any and all damages and injuries resulting therefore was done, occasioned, and occurred with the privity or knowledge, as or prior to the commencement of the voyage upon which the vessel was then engaged.

10. The Claimant's injuries, furthermore, were the result of the faults, negligence and unseaworthiness of the vessel, and by its owners, operators, officers, agents, employees and crew's gross negligence.  Said negligence and gross negligence exhibited itself through the navigation of the vessel and its running into a prier in Manhattan, New York.

11. By reason of the matters aforesaid, claimant sustained severe injuries, and experienced pain, anxiety, shock, and physical and mental and emotional suffering, and continues to do so.  Claimant suffered injuries to her head, neck, shoulder, arm, chest, torso, face and to other parts of her body.

12. At all times herein mentioned the vessel was on the navigable waters of the United States and within the admiralty jurisdiction of the United States of America.

13. The claimant brings this claim for damages pursuant to the provisions of the General Maritime Law and other state, federal, common law and/or statutory provisions or regulations.

14. That by the reason of the foregoing, claimant hereby claims monetary damages for the losses she suffered and will suffer, including for her conscious pain and suffering, past and future, emotional and psychological stress, past and future, her lost wages and benefits, past and future, medical bills, past and future.

15. This answer is filed herein pursuant to statutes covering limitation of liability proceedings, 46 USC § 30501 et seq., and claimant reserves all rights, including the right to trial by jury.

WHEREFORE, Claimant having fully answered, prays:

That an order be entered herein that petitioner is not entitled to exoneration from liability herein;

That an order be entered herein that petitioner is not entitled to limitation of liability herein;

That an order be entered that the occurrence referred to in the complaint happened with the privity and knowledge of the petitioner;

That an order be entered that the claimant be permitted to pursue this action with trial by jury to recover damages against the petitioner for injuries and losses as aforesaid;

That if this Court does not allow the claimant the right of a trial by jury to recover the aforesaid damages, then in such event the claim of the claimant be allowed as requested herein with interest and costs, and that claimant may have such other and further relief as in law and justice she may be entitled to receive.

That claimant be permitted to pursue their claims against such other persons and entities who were also at fault in causing the aforesaid injuries and damages.

THE ARNETTE LAW FIRM, LLC

_____
SCOTT C. ARNETTE, ESQ.
Attorney for Claimant Michelle Jenks

## REQUEST FOR JURY TRIAL

The Claimant requests a jury trial on her Claim, which, had she been allowed to file in state court, would have been allowed, and as to which she should not be deprived on account of the exoneration claim, particularly if such claim is unsuccessful. Alternatively, Michelle Jenks requests an advisory jury.

THE ARNETTE LAW FIRM, LLC

_____
SCOTT C. ARNETTE, ESQ.
Attorney for Claimant Michelle Jenks

## VERIFICATION

SCOTT C. ARNETTE, ESQ., being duly sworn, deposes and says that he is an attorney in the offices of THE ARNETTE LAW FIRM, LLC, and attorney for the within claimant in the above-captioned action; that he has read the foregoing and knows the contents thereof; that the same is true to his own knowledge except as to matters therein stated to be alleged on information and belief and that, as to those matters therein stated to be alleged on information and belief are

investigations and representations made by representatives of the claimant and documents in his possession.

                                              THE ARNETTE LAW FIRM, LLC

                                              _____
                                              SCOTT C. ARNETTE, ESQ.
                                              Attorney for Claimants Michelle Jenks