JAVERBAUM, WURGAFT, HICKS,
KAHN, WIKSTROM & SININS, P.C.
1338 NORTH AVENUE
ELIZABETH, NEW JERSEY 07208
TELEPHONE:(908)368-1058
FASCIMILE:(908)354-0360
ATTORNEYS FOR CLAIMANT

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF SEASTREAK, LLC, AS OWNER OF THE EXONERATION FROM, OR LIMITATION OF LIABILITY. | CIVIL ACTION NO. 13-315(WJM)<br><br>**ANSWER AND CLAIM**<br>**JURY TRIAL DEMANDED** |

Claimants, Adrienne Fedor-Rieger and Richard Rieger, by their attorneys, Javerbaum, Wurgaft, Hicks, Kahn, Wikstrom & Sinins, P.C., claiming of limitation plaintiff Seastreak, LLC ("SeaStreak") as owner, owner *pro hac* vice and/or charterer of the vessel SEASTREAK WALL STREET pursuant to Rule F(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and without prejudice to claimant's right to seek a trial by jury of their claims, whether in the within Court or within an appropriate state court as authorized by the "saving to suitors" clause of the Judiciary Act of 1789, as amended, codified at 28 U.S.C. § 1331(1), states as follows:

1. The allegations contained in this paragraph do not pertain to these Claimants, and therefore no response is required. To the extent that this Petitioner has failed to comply with the required provisions of the *Limitation of Liability* Act, 46 U.S.C. 30501, *et seq.*, *Fed. R. Civ. P.* 9(h) and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, the allegations contained in this paragraph, as they pertain to this Petitioner's attempt to limit liability, are denied.

2. The allegations contained in this paragraph do not pertain to these Claimants, and therefore no response is required. To the extent that this Petitioner has failed to comply with the required provisions of the *Limitation of Liability Act*, 46 U.S.C. 30501, *et seq.*, *Fed. R. Civ. P.* 9(h) and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, whereby said failure creates a jurisdictional defect, the allegations contained in this paragraph, as they pertain to this Petitioner's attempt to limit liability, are denied.

3. Admit the allegations in this paragraph.

4. The allegations contained in this paragraph do not pertain to these Claimants, and therefore no response is required. To the extent that this Petitioner

has failed to comply with the required provisions of the *Limitation of Liability Act,* 46 U.S.C. 30501, *et seq.*, *Fed. R. Civ. P.* 9(h) and Rule F. of the Supplemental Rules for Certain Admiralty and Maritime Claims, the allegations contained in this paragraph, as they pertain to this Petitioner's attempt to limit liability, are denied.

    5.    The allegations contained in this paragraph are denied.

    6.    The allegations as to the value of the vessel are denied.  Further, as part of a joint venture involving several vessels, the value of the SEASTREAK WALL STREET is material only in that its proper value, and pending freight, needs to be included in computing the value of the flotilla.

    7.    The allegations as to the value of the vessel are denied.  Further, as part of a joint venture involving several vessels, the value of the SEASTREAK WALL STREET is material only in that is proper value, and pending freight, needs to be included in computing the value of the flotilla.

    8.    Admit the allegations of this paragraph.

    9.    Admit the allegations in this paragraph.

10. Neither admits or denies the statements in paragraph 10 of the complaint, as they are not statement of fact which can be admitted or denied, but to the extent that a response is required, claimant denies the allegations in paragraph 10.

11. Neither admits or denies the statement in paragraph 11 of the complaint, as they are not statements of fact which can be admitted or denied, but to the extent that a response is required, claimant denies the allegations in paragraph 11.

**AFFIRMATIVE DEFENSES**

1. The petition fails to state a claim upon which relief may be granted.

2. The acts leading to the losses claimed by Claimant were within the privity and knowledge of the Petitioner.

3. The security posted or pledged by Petitioner is inadequate.

4. The security is inadequate and improper as it does not include vessels pursuant to the flotilla doctrine.

5. There was no comparative or contributory fault by claimant.

6.    There is no right to exoneration of liability under the statutes alleged by petitioner to be applicable.

7.    Claimant is entitled to have her claims heard by a jury in a state court of her choosing.

WHEREFORE, claimant demands that the Petition be denied, that same be dismissed, with costs and fees awarded to claimant, and for such other relief as to which claimant is entitled.

### CLAIM OF ADRIENNE FEDOR-RIEGER

Claimant, Adrienne Fedor-Rieger states the following claim against SEASTREAK, LLC and respectfully alleges upon personal knowledge and information and belief as follows, and further answering the complaint, and as for her claim against SEASTREAK, LLC, claimant states as follows:

1.    Claimant repeats and realleges each and every allegation stated above with the same force and effect as if set forth in their entirety.

2.    The jurisdiction of this Court over this claim arises under and by virtue of the General Admiralty and Maritime Law, pursuant to 28 USC § 1333, and through diversity of citizenship, 28 USC § 1332, this being a

claim in excess of $75,000 exclusive of costs and interest.

3. Claimant is hereby entitled to a trial by jury pursuant to the "savings to suitors" clause, 28 USC § 1333 which permits, by statutory authority or through the operation of common law, the right to a trial by jury.

4. At all times here involved claimant was a resident of the State of New Jersey, and was such on January 9, 2013. SEASTREAK LLC admits it is diverse from plaintiff, it being a corporation within the State of Delaware.

5. On January 9, 2013, claimant was a passenger aboard the SEASTREAK WALL STREET, which was involved in a collision with a pier in Manhattan, New York.

6. Said occurrence caused severe injuries to claimant and was the result of the negligence of the petitioner, its officers, servants, agents, employees and/or other persons for whom said petitioner was an is responsible, and by the unseaworthiness of the vessel SEASTREAK WALL STREET.

7. Said injuries were not caused or contributed to by any fault or negligence on the part of claimant, but were caused by reason of the negligence of the

petitioner, its officers, servants, agents, and employees and/or other persons for whom petitioner was and is responsible, and the unseaworthiness of the vessel, referred to above, in that <u>inter</u> <u>alia</u>:

    A.    The conduct of the vessel was such that it was operated, controlled, managed and maintained in a careless and negligent manner;

    B.    The vessel was not safe, staunch, properly equipped, supplied or seaworthy;

    C.    Petitioner failed to maintain the said vessel and its equipment and appliances, in a safe and seaworthy condition;

    D.    The vessel was not reasonably safe or suitable to perform the intended voyage;

    E.    The vessel was permitted and allowed to go upon the waters in an unsafe and unseaworthy condition and that such condition of said vessel and any and all damages and injuries was done, occasioned and incurred with the privity or knowledge of the petitioner, its officers, agents, servants or employees at or prior to the commencement of the voyage;

    F.    Petitioner, its officers, agents, servants, employees, and/or other persons for whom the petitioner was and is responsible, failed to take suitable

precautions for the safety of the claimant's decedent under the circumstances and conditions then existing to the knowledge of the petitioner, the said petitioner having actual and constructive notice of the unsafe, dangerous and unseaworthy conditions.

8. Claimant reserves the right to claim against the petitioner and the vessel for such other and further and different faults, negligence, and unseaworthiness as the evidence may disclose.

9. Claimant further alleges that petitioner breached the nondelegable duty in permitting the vessel to go upon the waters in an unsafe and unseaworthy condition, and that the casualty caused by said vessel and any and all damages and injuries resulting therefore was done, occasioned, and occurred with the privity or knowledge, at or prior to the commencement of the voyage upon which the vessel was then engaged.

10. The claimant's injuries, furthermore, were the result of the faults, negligence and unseaworthiness of the vessel, and by its owners, operators, officers, agents, employees and crew's gross negligence. Said negligence and gross negligence exhibited itself through the navigation of the vessel and its crashing into a pier in Manhattan, New York.

11.     By reason of the matters aforesaid, claimant sustained severe injuries, and experienced pain, anxiety, shock, and physical and mental and emotional suffering, and continues to do so.

12.     At all times herein mentioned the vessel was on the navigable waters of the United States and within the admiralty jurisdiction of the United States of America.

13.     The claimant brings this claim for damages pursuant to the provisions of the General Maritime Law and other state, federal, common law and/or statutory provisions or regulations.

14.     That by the reason of the foregoing, claimant hereby claims monetary damages for the losses she suffered and will suffer, including for her conscious pain and suffering, past and future, emotional and psychological stress, past and future, her lost wages and benefits, past and future, medical bills, past and future. This answer is filed herein pursuant to statutes covering limitation of liability proceedings, 46 USC § 30501 et seq. and claimant reserves all rights, including the right to trial by jury.

WHEREFORE, Claimant, Andrienne Fedor-Rieger prays that the answer and claim be deemed sufficient and that

petitioner be denied the right o limit and/or exonerate its liability in this matter, and that an injunction be lifted to allow claimants to pursue their claims in any court of competent jurisdiction of their choosing and that as an alternative claimants' claims be resolved in their favor in due process and there be judgment in their favor in due process and there be judgment in their favor on all counts and claims for damages, interest and costs.

### CLAIM OF RICHARD RIEGER

1. The allegations of the claim of Adrienne Fedor-Rieger are repeated as if realleged in full.

2. The claimant, Richard Rieger, at all times herein set for the was and is the husband of the claimant Adrienne Fedor-Rieger.

3. As a result of the negligence of the Petitioner and unseaworthiness of the aforesaid vessel, the claimant Richard Rieger, has been deprived of the services, society and consortium of his wife and will be deprived of same for a long period of time in the future.

WHEREFORE, Claimant, Richard Rieger prays that the answer and claim be deemed sufficient and that petitioner be denied the right to limit and/or exonerate its liability in this matter, and that an injunction be lifted to allow claimants to pursue their claims in any

court of competent jurisdiction of their choosing and that as an alternative claimants' claims be resolved in their favor in due process and there be judgment in their favor in due process and there be judgment in their favor on all counts and claims for damages, interest and costs. **CLAIMANT DEMANDS JURY TRIAL.**

/s/JORDEN N. PEDERSEN
JORDEN N. PEDERSEN, JR. (JP-7681)

Dated: 3/22/2013

## VERIFICATION OF COMPLAINT

I HEREBY VERIFY that the statements made in the foregoing Complaint are true, correct and complete to the best of my knowledge.

_____
Adrienne Fedor-Rieger

Dated: 3/22/2013

SUBSCRIBED and SWORN to before me this 22nd day of March, 2013

_____
Geraldine G. DePascale
State of New Jersey
Hudson County
Commission Expires June 16, 2016
2087889


## **VERIFICATION OF COMPLAINT**

I HEREBY VERIFY that the statements made in the foregoing Complaint are true, correct and complete to the best of my knowledge.

_____
Richard Rieger

Dated: 3/22/2013

SUBSCRIBED and SWORN to before me this 22nd day of March, 2013

_____
Geraldine G. DePascale
State of New Jersey
Hudson County
Commission Expires June 16, 2016
2087889