

# Hobbie, Corrigan & Bertucio, P.C.
Attorneys at Law

Norman M. Hobbie *

David P. Corrigan *

Edward C. Bertucio *

Michael R. Hobbie

Jacqueline DeCarlo

Justin Lee Klein

March 28, 2013

\* Certified by the Supreme Court
of New Jersey as a
Civil Trial Attorney

\* Certified by the Supreme Court
of New Jersey as a
Criminal Trial Attorney

File No.: **38-2000**

**VIA E-FILE**
Honorable William J. Martini, U.S.D.J.
U.S. District Court for the District of
New Jersey
Frank R. Lautenberg U.S.P.O. & Courthouse
1 Federal Square
Newark, New Jersey 07102

Re:  **IN THE MATTER OF THE COMPLAINT OF SEASTREAK, LLC, AS OWNER OF THE VESSEL SEASTREAK WALL STREET FOR EXONERATION FROM OR LIMITATION OF LIABILITY**
Civil Action No. 2:13-cv-0315-WJM-MF
John and Janet Urbanowicz
Anthony and Jackline Lucia
Charles and Geri Lucia
Samantha Bremekamp
Merike and Mihkel Grunbaum
Richard Diver and Laura Diver

Dear Judge Martini:

As you are aware, this firm represents the five above-named Claimants[1] in this matter. This matter arises out of the allision of the ferry SEASTREAK WALL STREET which resulted in numerous very serious personal injuries, and the subsequent filing by the Petitioner of the within action seeking to limit its liability. Previously, an issue had arisen between the parties wherein the owner of the vessel sought to make repairs of the vessel without affording the Claimants a reasonable opportunity to inspect the subject area of the vessel to be repaired. In response to an emergent application by Claimants, the Court entered an Order restraining all

---

[1] Edward R. Petkevis, Esq. is co-counsel in the two Lucia cases.

125 Wyckoff Road, Eatontown, NJ 07724 • 77 Route 37 West, Toms River, NJ 08755
732-380-1515 • Fax 732-380-1720 • www.hcblawyers.com

**HOBBIE, CORRIGAN & BERTUCIO, P.C.**

March 28, 2013
Page 2

repairs until a hearing could be conducted on the issue. As a result of that hearing, a Consent Order was entered into requiring the Petitioner vessel owner to give the Claimants no less than 96 hours written notice of any such intended modifications or repairs allowing the Claimants a reasonable opportunity to visually inspect the area in question. Specifically, the Order entered by the Court on January 31, 2013 contained the following provision:

> Petitioner SEASTREAK, LLC shall not alter, *modify and/or repair any major systems*, including, but not limited to *propulsion systems*, navigation systems, vessel control systems, bridge control systems, and/*or propulsion machinery spaces* aboard the vessel without first affording claimants no less than ninety-six (96) hours written notice of said proposed alteration, modification or repair and a *reasonable opportunity to visually inspect the area in question.*

(See Order dated January 31, 2013, filed as Document 50 on the Court's docket, annexed to the Certification of J. DeCarlo, as Exhibit "A" (emphasis added).)

By letter to the Court, on March 27, 2013, the Petitioner vessel owner informed the Claimants that: "commencing on Tuesday, April 2, 2013 SEASTREAK, LLC shall be undertaking through third party vendors/manufacturers a modification of the propulsion/control system of SEASTREAK WALL STREET. Specially, [sic] Servogear, the Norwegian based manufacturer of the vessel's propulsion system, and Scanna, the Norwegian based manufacturer of the vessel's control system, will install a rigid pitch arm on the gear which will be replacing a slip clutch arm, and will be installing a pitch deviation alarm. The NTSB has informed SEASTREAK, LLC that it will be in attendance while the work is performed." As to the Claimants' ability to conduct a reasonable inspection, the Petitioner continues "SEASTREAK, LLC will make the area in question aboard the vessel, *i.e.* the area in the engine room where the work will be performed, available for inspection on Monday, April 1, 2013, between 9 a.m. and 11 a.m. at SEASTREAK's Atlantic Highlands, New Jersey facility." (A copy of Mr. Zonghetti's letter is annexed as Exhibit "H" to the Certification of J. DeCarlo.)

It is important to note that although the inspection is offered to be conducted April 1, 2013, the actual repairs will not be conducted until April 2, 2013. Accordingly, now, unlike past practice with regard to the propeller inspection, the Claimants would not be afforded an opportunity to see the actual repair conducted.

In response to another Claimant's counsel's request for the "proposal(s) from Servogear and Scanna before April 1 so that representatives who may attend aboard know exactly what is going on," Mr. Zonghetti first dispatched an e-mail simply stating "there are no proposals. Thank You." (See E-Mail annexed as Exhibit "B" to the Certification of J. DeCarlo.) This e-mail communication was then followed by an e-mail which stated "in response to Mr. Buchsbaum's inquiry, enclosed is a diagram indicating the part that will be replaced, item 14. Thank You." (See E-Mail and Complete Attachment, annexed as Exhibit "C" to the Certification of J. DeCarlo.)

# HOBBIE, CORRIGAN & BERTUCIO, P.C.

March 28, 2013
Page 3

Upon receipt of Mr. Zonghetti's letter to Your Honor, the undersigned wrote to Mr. Zonghetti advising that an expert would be attending the April 1st inspection on behalf of my firm's/Mr. Petkevis' clients. However, I also requested that said expert also be permitted to attend and observe the actual work as it is being performed on April 2, 2013. I also requested that Mr. Zonghetti provide his assurance, as an officer of the Court, that any and all parts removed from the vessel would be properly preserved:

> This is in response to your letter to the Court dated March 27, 2013 wherein you advise Judge Martini that Petitioner, SEASTREAK, LLC, will be undertaking the referenced repairs/modifications to the vessel's propulsion system on April 2, 2013, thereby triggering Paragraph 3 of the Court's January 30, 2013 Order.
>
> Please be advised that on behalf of the claimants represented by this firm (some of which are also represented by Mr. Petkevis), we will have an expert conduct an inspection of the vessel's engine room on April 1, 2013. However, we also request that our expert be permitted to attend and observe the actual work as it is being performed on April 2, 2013.
>
> Further, we are requesting your assurance, as an officer of the Court, that any and all parts removed from the vessel will be properly preserved.
>
> Please advise the undersigned, in writing, as soon as possible as to whether you agree to the foregoing. In default of same, we will have no choice but to seek emergent relief from the Court.

(See March 27, 2013 letter to G. Zonghetti from J. DeCarlo, annexed as Exhibit "D" to the Certification of J. DeCarlo.)

Thereafter, Mr. Zonghetti issued the following in response to my request:

> In response to your letter of earlier today, SEATREAK, LLC will maintain the part that is replaced. SEASTREAK, LLC does not consent to the present[sic] of claimant's expert during the performance of the work previously identified on April 2, 2013 and claimant's expert will not be permitted aboard SEASTREAK WALL STREET. Such is not envisioned in the January 30, 2013 court order, which was negotiated by and between the parties, and so ordered by the court.

(See March 27, 2013 letter to J. DeCarlo from G. Zonghetti, annexed hereto as Exhibit "E" to the Certification of J. DeCarlo.)

Notwithstanding the untenable response, which was issued on behalf of the Petitioner by Mr. Zonghetti, in a further attempt to work this issue out with the Petitioner so as to avoid having to again further burden the Court, my co-counsel, Mr. Petkevis contacted Mr. Zonghetti by telephone first thing this morning in an attempt to reach an amicable resolution to what is clearly

# HOBBIE, CORRIGAN & BERTUCIO, P.C.

March 28, 2013
Page 4

a reasonable request to have the Claimants' expert present to observe the actual modifications/repairs. Mr. Zonghetti informed him that Claimants would not be permitted to have our experts attend the April 2, 2013 repairs. Mr. Zongetti also informed him that the NTSB "did not want us there." When Mr. Petkevis asked for the name and contact information for this individual at the NTSB so that he could ascertain the veracity of this representation and to ascertain the concerns of the NTSB, Mr. Zongetti refused to provide him with the contact information. When Mr. Petkevis inquired as to what the experts would be able to actually observe on April 1, 2013, his response was, "essentially nothing." (A copy of Mr. Petkevis's Certification is annexed as Exhibit "F" to the Certification of J. DeCarlo.)

I personally consulted with Jose Femenia, one of the Claimants' Marine/mechanical engineering experts with respect to the proposed modifications and repairs referenced in Mr. Zonghetti's letter, and inquired as to whether such an inspection on April 1, 2013 would allow him and his colleagues an opportunity for a "reasonable inspection." I have been informed that in order to have a reasonable opportunity to inspect the area in question, said expert(s) need to attend on April 2, 2013, the date the repairs are actually to be performed. It should again be noted that according to Petitioner, the NTSB, in order to perform their inspection, would be attending the actual repairs, not the day before.

Mr. Femenia has reviewed Mr. Zonghetti's letter, this Court's Order and the documents Mr. Zonghetti provided in response to Mr. Buchsbaum's inquiry (Exhibit "C") and he has submitted a Certification confirming that limiting the Claimants' expert to an inspection of the engine room on the date prior to the date that the modifications/repairs will actually be effectuated (in the presence of the NTSB-*who themselves determined said presence was necessary*) does not constitute "a reasonable opportunity to visually inspect the area in question" as set forth in the Court's Order. In short, if the repair/modifications are permitted to be performed outside of our expert's purview, Claimants' expert will never have an opportunity to ascertain what occurred with the subject parts. (A copy of Mr. Femenia's Certification is annexed as Exhibit "G" to the Certification of J. DeCarlo.)

Accordingly, as this is clearly an important issue concerning the NTSB investigation as to the cause of the allision, and as the Court has previously ordered that Claimants are to have a reasonable opportunity to inspect, Claimants hereby request an order enforcing litigants' rights to allow their experts to attend the actual repair to be conducted April 2, 2013.

In light of the foregoing, I have attached a proposed form of Order Enforcing Litigants Rights and I am requesting that the Court enter said Order prior to 4:00 p.m. on April 1, 2013.

I am serving all parties to this action with this letter along with my supporting Certification and attachments and a copy of a proposed Order to Mr. Zonghetti, via ECF.

**HOBBIE, CORRIGAN & BERTUCIO, P.C.**

March 28, 2013
Page 5

        Thank you for the Court's consideration.

                                      Respectfully submitted,

                                      */s/ Jacqueline DeCarlo*

                                      JACQUELINE DECARLO, ESQ.

JD/job
Enclosures
cc:    Edward R. Petkevis, Esq. (via electronic filing)
        Gino Zonghetti (via electronic filing)
        All Parties of Record (via electronic filing)