

JAMES M. KENNY
GINO A. ZONGHETTI
KEVIN J. O'DONNELL
KENNETH B. DANIELSEN
JOHN D. BLOMQUIST

26 BROADWAY
NEW YORK, NEW YORK 10004-1882

(212) 422-6111
FACSIMILE: (212) 422-6544
WWW.KZLLC.COM

NEW JERSEY OFFICE
P.O. BOX 508
SADDLE RIVER, NEW JERSEY
07458
(973) 624-7779

Reply to:  Gino A. Zonghetti
New York Office
Extension 208
gino@kzllc.com

March 28, 2013

**VIA ECF:**
Honorable William J. Martini, U.S.D.J.U.
United States District Court for the
    District of New Jersey
Frank R. Lautenberg U.S.P.O. & Courthouse
1 Federal Square
Newark, New Jersey 07102

>    Re:   In the Matter of the Complaint of SeaStreak, LLC,
>          As Owner of SEASTREAK WALL STREET for
>          Exoneration from or limitation of liability
>          13-cv-00315 (WJM)(MF)

Dear Judge Martini:

    We represent petitioner SeaStreak, LLC in the above matter. We write in response to the letter of counsel for multiple claimants, Jacqueline DeCarlo, Esq. seeking an order enjoining SeaStreak, LLC from effecting a modification to the propulsion system and control system of SEA STREAK WALL STREAK on April 2, 2013 without claimant's engineer being present while the work is actually being effectuated.  Claimants have absolutely no right to be present while the actual work is being performed on the vessel under any law, including the Order that was negotiated and so-ordered by this Court on January 30, 2013 concerning the rights and obligations of the parties with respect to future inspections in advance of modifications of the vessel.  Claimant's application represents an attempt to over-reach, with no basis in fact or law, and, with no true benefit to Claimant. Indeed, Claimant, for no sound reason seeks to inject itself into the work being performed.  Claimant has not satisfied the requirements of an injunction or restraining order, has no right to impose itself into the business of SeaStreak, LLC, which has obligations to the  both the United States Coast Guard and the National Transportation Safety Board with respect to its vessel, and claimant's application must be denied.

    As the Court is aware, following SeaStreak, LLC's notification to the parties on Friday, January 25, 2013 that it would be repairing damage to SEASTREAK WALL STREET incurred in the January 9, 2013 allision at Pier 11, New York, New York, on January 29, 2013 and offering claimants the right to inspect the vessel on January 28, 2013, claimants obtained an *ex parte* restraining order

1



preventing SeaStreak, LLC from performing said repairs until the matter could be heard by the Court on January 29, 2013. The purpose of the restraining order, importantly, was to prevent the spoliation of evidence before claimants had the right to inspect the areas that were to be repaired.  The restraining order was appropriately dissolved following the hearing of January 29, 2013.  SeaStreak, LLC had adamantly opposed the legal basis for the issuance of the order, as the Court is aware.   The parties were able to negotiate the contours of an order regulating the rights and obligations of the parties concerning making the vessel available for inspection in the event further modifications of various systems of the vessel were to take place in the future, which the Court signed.

As the Court is aware, yesterday we wrote alerting the court, and the various claimants, that certain modifications would be taking place with respect to SEASTREAK WALL STREET on April 2, 2013. SeaStreak indicated that the National Safety Transportation Board would be present during the work that was being performed by representatives of manufacturers of the propulsion system and control system who were being flown in from Norway to perform the work.  The claimants were informed that they would be allowed to inspect the system being repaired in the engine room from between 9 a.m. and 11 a.m. on April 1, 2013.  The notice provided by SeaStreak to claimants, and the offering of an inspection on April 1, 2013 comported perfectly with both the letter and the spirit of the Order entered by the Court on January 30, 2013.  SeaStreak has provided the claimants with the required period of notice, and with a "reasonable opportunity to visually inspect the area in question …"  The Order did not provide claimants with the opportunity to be present while work was being performed. Indeed, under no circumstances would SeaStreak, LLC have agreed to any such provision since the intrusion of so-called experts in the actual work processes performed by SeaStreak, LLC, and the manufacturers of the systems is obviously intrusive, and burdensome, and unwieldy, but, as importantly, has absolutely no relationship to the issue at hand – spoliation of evidence.

Counsel for claimants has submitted a certification from an engineer, Jose Femenia, who claims that he will not be able to "(1) ascertain if these controls cold have contributed to the allision or (2) to express an opinion as to the appropriateness of the modification" unless he sees the work actually being performed.  As the Court correctly noted at the January 29, 2013 hearing, the parties have not yet undertaken discovery.  Accordingly, claimants have no right to a discovery inspection of the vessel, which presumably will occur at a later point in time.  Accordingly, the certification of Mr. Femenia is misplaced.  The purpose of affording access to the vessel, at this point in time, is not for any claimant to be able to ascertain causation, or the appropriateness of modifications (which is, frankly, not an issue in this case, and would be excluded in any event under Fed.R.Evid. 407), but to insure that the parties have an opportunity to observe the vessel and its parts before it is modified to prevent the spoliation of evidence. SeaStreak, LLC has already informed counsel for claimants that it would retain the equipment that is being removed from the vessel so that it can be examined at a later date by claimants.  Said equipment can be examined in any reasonable way by claimants' experts.  SeaStreak, LLC has provided documentation to claimants showing them what equipment is being changed. There is simply no issue of spoliation issue at play.  Accordingly, counsel's application is infirm from the outset.

In addition to not being able to establish that the offered inspection by SeaStreak, LLC violates the January 30, 2013 Order, or would potentially led to the spoliation of evidence, claimants fail to offer any legal support for the injunctive order that they seek.   There is none.



There are also practical considerations that should bar claimant's application. The engine room space where the work will be performed is extremely small. Claimant's engineer will not be able to be in the room while the work is being performed, in any event. Should the Court order that claimants are allowed to be present, it will create a scenario whereby the work will be interfered with, and claimants' engineers will not be able to actually see the work performed. In turn, the inspection that has been offered will allow claimants to inspect the actual part that will be removed from the vessel. Claimants will be able to inspect this part in situ, and after it is removed.

Further, the work that is to be performed on SEASTREAK WALL STREET on April 2, 2013 is not in response to any requirement by the NTSB. The NTSB has, to date, taken the position that the vessel may be returned to service *without any modifications*, so long as the United States Coast Guard issues a certificate of inspection for the vessel. Any assertion by claimant's counsel that an inspection of the work being performed is essential to determine causation is simply uninformed, and misplaced. As per SeaStreak, LLC's understanding, the NTSB's presence during the work is not a function of it deeming that the work relates to a causative factor in the allision, but it, as is understood by SeaStreak, LLC, is simply a matter of interest to the NTSB on a broader scale with respect to the maritime industry at large.

We additionally note that claimants have not satisfied the requirements of Fed.R.Civ.P. 65 concerning "Injunctions and Restraining Orders," which is precisely what they are seeking. Claimants are unable to establish irreparable harm. There is no likelihood of any harm in the event the inspection as proposed by Hornbeck, and is envisioned and provided for in the Order of January 30, 2013 goes forward, followed by the work being performed outside the presence of claimants' experts. In addition, a hearing must be established if SeaStreak is to be restrained, or enjoined, and claimants will be required to post security.

We request that claimants' application be denied.

Very truly yours,

Kenny & Zonghetti, LLC

Gino A. Zonghetti

Cc: **VIA ECF**:
All Counsel of Record

3