UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

IN THE MATTER OF THE
COMPLAINT OF
SEASTREAK, LLC, AS OWNER      2:13-cv-00315-WJM-MF
OF VESSEL SEASTREAK WALL
STREET FOR EXONERATION
FROM OR LIMITATION OF
LIABILITY

---

**VERIFIED ANSWER AND AFFIRMATIVE DEFENSES OF
PHILIP AND LAURIE DUSHEY TO COMPLAINT FOR
EXONERATION FROM OR LIMITATION OF LIABILITY**

---

Claimants Philip Dushey, a passenger on SEASTREAK WALL STREET, a high speed catamaran ferry boat, and Laurie Dushey, his spouse ("Claimants"), by and through their attorneys Bennet Susser, Esq., of Jardim, Meisner & Susser, P.C., and Steve T. Halperin, Esq., of Halperin & Halperin, P.C., as and for their Answer and Affirmative Defenses to the Complaint in Limitation of SeaStreak, LLC, allege and state as follows:

## PRELIMINARY STATEMENT

Unless otherwise expressly indicated to the contrary, Claimants are without personal knowledge or information sufficient to form a belief as to the truth of the allegations in the Complaint in Limitations concerning any other person or entity. Claimants deny the allegations in all Paragraphs unless otherwise specifically admitted.

1

1. The allegations contained in this paragraph do not pertain to these Claimants, and therefore no response is required.  To the extent that this Petitioner has failed to comply with the required provisions of the *Limitation of Liability Act,* 46 U.S.C. § 30501, *et seq., Fed. R. Civ. P.* 9(h), and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, the allegations contained in this paragraph, as they pertain to this Petitioner's attempt to limit liability, are denied.

2. The allegations contained in this paragraph do not pertain to these Claimants, and therefore no response is required.  To the extent that this Petitioner has failed to comply with the required provisions of the *Limitation of Liability Act,* 46 U.S.C. § 30501, *et seq., Fed. R. Civ. P.* 9(h), and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, whereby said failures create a jurisdictional defect, the allegations contained in this paragraph, as they pertain to this Petitioner's attempt to limit liability, are denied.

3. The allegations that the vessel collided with the pier are admitted.

4. The allegations contained in this paragraph do not pertain to these Claimants, and therefore no response is required.  To the extent that this Petitioner has failed to comply with the required provisions of the *Limitation of Liability Act,* 46 U.S.C. § 30501, *et seq., Fed. R. Civ. P.* 9(h), and Rule F

of the Supplemental Rules for Certain Admiralty and Maritime Claims, the allegations contained in this paragraph, as they pertain to this Petitioner's attempt to limit liability, are denied.

5.  The allegations contained in this paragraph are denied, as they pertain to the conduct of the Petitioner, its agents, servants and employees, and any other culpable parties for whose negligence and recklessness the Petitioner is responsible.

6.  The allegations as to the value of the vessel are denied. Further, as part of a joint venture involving several vessels, the value of the SEASTREAK WALL STREET is material only in that its proper value, and pending freight, needs to be included in computing the value of the flotilla.

7.  The allegations as to the value of the vessel are denied. Further, as part of a joint venture involving several vessels, the value of the SEASTREAK WALL STREET is material only in that its proper value, and pending freight, needs to be included in computing the value of the flotilla.

8.  Admitted.

9.  Upon information and belief, venue is admitted, under protest and without prejudice to Claimants' position that this limitation action is improper .

10. Claimants deny that Petitioner has any defense to the claims of Claimants that would support limitation of, or exoneration from liability.

11. Claimants deny that Petitioner is entitled to the protections of 46 U.S.C. § 30501 and the various statutes supplementary or amendatory thereto. Further, Claimants deny that the proper surety is limited to the value of the vessel, SEASTREAK WALL STREET and its pending freight. Said surety must also include the value of all vessels in the flotilla, their pending freight, and an additional sum of $420 per gross ton of all vessels in said flotilla.

WHEREFORE, Claimants, Philip Dushey and Laurie Dushey pray that the within Complaint in limitation be dismissed with prejudice and at the costs of SeaStreak, LLC, and that the Order Restraining Suits be vacated. In the alternative, Claimants, Philip Dushey and Laurie Dushey pray:

1. For an award in the full, unlimited, amount of their injuries, plus punitive damages, interest, costs and attorney's fees, and that they be awarded a maritime tort lien against the Limitation Vessel and all vessels that constitute the flotilla;

2. That judgment of condemnation and sale be entered against the Limitation Vessel, and all vessels that constitute the flotilla, their engines, tackle, appurtenances, etc.; and

3. That this Court grant priority to their tort claims in this case over the claims of any other claimants to this proceeding.

## Affirmative Defenses

1. The Complaint in Limitations fails to state a claim upon which relief may be granted.

2. The accident occurred within the privity and knowledge of SeaStreak, LLC., and its agents, servants and supervisors, the knowledge of whom is chargeable to SeaStreak, LLC.

3. The collision occurred within the privity and knowledge of the Master of the SEASTREAK WALL STREET, whose knowledge, for purposes of personal injury claims, is imputed to the owner of the SEASTREAK WALL STREET.

4. Posting of a bond is untimely.

5. The security is inadequate pursuant to the "flotilla doctrine" as it fails to account for the value of all vessels in fleet and their pending freight; absent adequate security, this action should be dismissed.

6. The limitation fund must be increased pursuant to the "flotilla doctrine."

7. The security is inadequate pursuant to the provisions of the Limitation of Liability Act, where, for personal injury claims, the value of the fund must be increased by $420 per gross ton of the subject vessel and all vessels within the flotilla; absent adequate security, this action should be dismissed.

8. The limitation fund must be increased pursuant to the aforesaid supplemental personal injury fund.

9. The limitation fund and/or bond posted by Limitation Petitioner is inadequate and the Complaint-in-Limitation should be dismissed for failure to post adequate security equal to the value of all vessels involved in the completion or performance of the contract, plus pending freight, as said vessels are commonly owned, engaged in a single enterprise and under a single command.

10. The SEASTREAK WALL STREET was unseaworthy at the commencement of, and during, the voyage.  This unseaworthiness was known to SeaStreak, LLC, who failed to exercise due diligence to make the vessel seaworthy at the inception of, and/or for the duration of the voyage in question.

11. There was no comparative or contributory fault by Claimants.

12. There is no right to exoneration of liability under the statutes alleged by Petitioner to be applicable.

13. Claimants are entitled to have their claims heard by a jury in a state court of their choosing.

14. Such other defenses available at law or equity and as discovery reveals.

WHEREFORE, Claimants, Philip Dushey and Laurie Dushey, pray that the

Complaint in Limitation be dismissed with prejudice and costs of SeaStreak, LLC.

RESPECTFULLY SUBMITTED,

_____\S_____
Bennet Susser, Esq.
JARDIM, MEISNER & SUSSER, P.C.
Co-Counsel for Claimants
PHILIP DUSHEY and LAURIE DUSHEY
Office & P.O. Address
30B Vreeland Road, Suite 201
Florham Park, New Jersey 07932
(973) 845-7644


_____\S_____
Steven T. Halperin, Esq.
HALPERIN & HALPERIN, P.C.
Co-Counsel for Claimants
PHILIP DUSHEY and LAURIE DUSHEY
Office & P.O. Address
18 East 48th Street
New York, New York  10017
(212) 935-2600


## REQUEST FOR JURY TRIAL

The Claimants request a jury trial on their Claim, which, had they been

allowed to file in state court, would have been allowed, and as to which they

should not be deprived on account of the exoneration claim, particularly if the

claim is unsuccessful.  Additionally, Claimants are entitled to a trial by jury

pursuant to the "savings to suitors" clause, 28 U.S.C. § 1333, which permits, by

statutory authority or through the operation of common law, the right to a trial by jury.  Alternatively, Claimants, Philip Dushey and Laurie Dushey, request an advisory jury.

          \S\

Bennet Susser, Esq.
JARDIM, MEISNER & SUSSER, P.C.
Co-Counsel for Claimants
PHILIP DUSHEY and LAURIE DUSHEY
Office & P.O. Address
30B Vreeland Road, Suite 201
Florham Park, New Jersey 07932
(973) 845-7644

          \S\

Steven T. Halperin, Esq. (STH-8723)
HALPERIN & HALPERIN, P.C.
Co-Counsel for Claimants
PHILIP DUSHEY and LAURIE DUSHEY
Office & P.O. Address
18 East 48th Street
New York, New York  10017
(212) 935-2600

8

## VERIFICATION

**BENNET SUSSER**, an attorney, being duly sworn, deposes and says:

I am a member of the firm of Jardim, Meisner & Susser, P.C., the attorney for the Claimants in the within action.  I have read the foregoing Answer and Affirmative Defense and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true.

_____
BENNET SUSSER


Sworn to before me this 28th
day of March, 2013

_____
Richard S. Meisner
Attorney At Law