UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

IN THE MATTER OF THE
COMPLAINT OF
SEASTREAK, LLC, AS OWNER          2:13-cv-00315-WJM-MF
OF VESSEL SEASTREAK WALL
STREET FOR EXONERATION
FROM OR LIMITATION OF
LIABILITY

---

## CLAIM OF DAMAGE OF PHILIP DUSHEY AND LAURIE DUSHEY AND JURY DEMAND

---

PHILIP DUSHEY, a passenger on the SEASTREAK WALL STREET, a high speed catamaran ferry boat, and his wife LAURIE DUSHEY ("Claimants"), by and through their attorneys, Bennet Susser, Esq. of JARDIM, MEISNER & SUSSER, P.C. and Steven T. Halperin, Esq., of HALPERIN & HALPERIN, P.C., co-counsel for Claimants, and make this claim against the above named SEASTREAK, LLC, as follows:

1.      Upon information and belief, SEASTREAK, LLC was and still is the owner of *SEASTREAK WALL STREET*, a high speed catamaran ferryboat, which ferryboat on the 9th day of January, 2013, violently collided with Pier 11 in the East River in downtown Manhattan while transporting fare paying passengers.

2.      On the aforesaid date, Claimant PHILIP DUSHEY, a passenger on said vessel, was violently thrown about, causing him to suffer severe, grievous, permanent and irreparable physical, emotional and psychological injuries.

1

3.     The full extent of Claimant PHILIP DUSHEY's permanent injuries is not yet known.

4.     The collision was caused by, among other things, the failure of Petitioner SEASTREAK, LLC, to operate said vessel in a safe and proper manner, in accordance with principles of good seamanship. Specifically, Petitioner:

a.     Willfully and in reckless disregard for the safety of passengers, operated the vessel at an excessive rate of speed considering the conditions then existing;

b.     Established as its customary practice and procedure unsafe and reckless navigational and docking procedures, whereby the speed of the vessel was primary, and safety an afterthought;

c.     Failed to conduct adequate sea trials following vessel modifications to ensure that the vessel, its engines and navigational equipment could safely operate under the extreme conditions established by the vessel owner/operator;

d.     Failed to adequately train the crew to react in response to foreseeable emergency conditions that could result from the high speed operation of the vessel;

e.     Failed to adequately supervise the crew;

f.     Failed to properly inspect and/or maintain the vessel and its equipment and appliances in a safe and seaworthy condition;

g.     Lacked the ability to properly maneuver the vessel, or to adequately respond to the complaints of the master and crew that the vessel was difficult to maneuver;

h.      In the overhaul of the vessel, improperly substituted equipment to increase the economy at the expense of safety and performance;

i.      Failed to have adequate back-up systems in place considering the foreseeable risk of system failure that would result from the extreme conditions under which the vessel was operated;

j.      Failed to approach the pier/dock in a proper direction;

k.      Failed to maintain and/or reduce speed in accordance with said conditions then existing;

l.      Violated one or more rules of the road pertaining to vessels in navigation;

m.      Failed to warn the Claimant PHILIP DUSHEY of the risks inherent in said operation of the vessel;

n.      Failed to keep proper lookout;

o.      Failed to operate, control, manage, and maintain a seaworthy vessel with a properly trained and competent crew; and

p.      Failed to provide a safe, staunch, properly equipped, supplied, or seaworthy vessel;

q.      Failed to provide a vessel that was reasonably safe or suitable to perform the intended voyage;

r      Such other acts of negligence, recklessness or unseaworthy conditions as shall be revealed through discovery and proven at trial.

5.     As a direct and proximate result of the above stated negligent, reckless acts and/or the unseaworthiness of the vessel, the vessel violently struck the pier/dock, and Claimant PHILIP DUSHEY was caused to be violently thrown against a steel table where he was seated, suffering severe, grievous, permanent and irreparable physical, emotional psychological injuries.

6.     The foregoing collision was caused, in whole or in part, by the aforesaid negligence, and/or recklessness of the vessel's Master and/or its captain/pilot, the vessel's crew, agents, servants and employees, and within privity or knowledge of SEASTREAK, LLC, and by the failure of SEASTREAK, LLC, to maintain a safe and seaworthy vessel at the inception of, and during the duration of the voyage.

7.     The foregoing collision was caused, in whole or in part, by the negligence of SEASTREAK, LLC, in its capacity as vessel owner of *SEASTREAK WALL STREET*, and within the privity or knowledge of SEASTREAK, LLC, and of the master of the vessel, and/or its captain/pilot, and/or by its agents, servants and supervisors, the knowledge of whom is chargeable to SEASTREAK, LLC.

8.     Petitioner breached its nondelegable duty in permitting the vessel to go upon the waters in an unsafe and unseaworthy condition, and that the casualty caused by said vessel and any and all damages and injuries resulting therefore was done, occasioned, and occurred with the privity or knowledge, at or prior to the commencement of the voyage upon which the vessel was then engaged.

9.     Claimants reserve the right to claim against the Petitioner and the vessel such other and further and different faults, negligence, and unseaworthiness as the evidence may disclose.

## COUNT I

10.     Claimants repeat, reiterate and reallege each and every allegation of paragraphs "1" through "9", inclusive, of this Claim, as if same were fully set forth herein at length.

11.     As a result of said negligence, recklessness and unseawothiness of Petitioner SEASTREAK, LLC in its ownership, operation and control of *SEASTREAK WALL STREET*, Claimant PHILIP DUSHEY suffered severe, grievous, permanent and irreparable physical, emotional and psychological injures, the full extent of which are not yet known. Claimant PHILIP DUSHEY reserves the right to supplement/amend the following list of injuries:

a.     Severe injuries to the right knee, including an osteochondral compression fracture with fresh chondral fracture defect and cartilaginous defects requiring a right total knee replacement which was performed at Brooklyn Hospital Center on February 14, 2013;

b.     Chondromalacia of the right patellofemoral joint with advanced degenerative changes to the medical femoral joint;

c.     Partial permanent disability;

d.     Psychological and emotional trauma, anxiety, torment and anguish;

e.     Economic loss;

f.     Lost earning potential;

g.     Joint pain and swelling;

h.      Permanent alteration in mobility;

i.     Difficulty standing;

j.     Difficulty lying down;

k.     Difficulty sleeping;

l.      Weakness;

m.     Inability to work;

n.      Alteration and dependence in activities of daily living;

o.      Anxiety;

p.      Depression;

q.      Alteration of social activities;

r.      Cessation and disruption of life's goals; and

s.      Physical therapy.

Furthermore, the above injuries sustained by Claimant PHILIP DUSHEY were accompanied by severe pain, tenderness, swelling, stiffness, discomfort, distress, weakness, stress, restriction of motion and with related injuries, damages, compromise and degeneration of the underlying soft tissues, blood vessels, bones, nerves, tendons, ligaments and musculature and all of the natural consequences flowing therefrom. Claimant PHILIP DUSHEY has further suffered and continues to suffer severe pain and difficulty from prolonged standing, walking, bending, climbing stairs, lifting or carrying heavy objects, performing strenuous activities, finding a comfortable position or sleeping. Claimant PHILIP DUSHEY has and will continue to experience impairment, disruption and difficulty with daily activities, way of life and enjoyment of life including significant impairment of numerous daily activities that claimant had previously taken for granted. Claimant PHILIP DUSHEY has further suffered and continues to suffer impairment of spinal integrity and exacerbation of any pre-existing symptomatic and/or asymptomatic spondyolitic changes, osteoporosis, arthritis, hypertrophic vertebral changes, narrowing of vertebral spaces, degenerative vertebral or disc changes, aggravation, activation and/or precipitation of any underlying hypertrophic, degenerative, arthritic, circulatory, arterial, venous or systemic condition complained of. Further, it is anticipated that all of the above

injuries will result in traumatic arthritis and/or onset of arthritis, osteoarthritic involvement, osteoporosis and/or necrosis at an earlier age, at an accelerated rate and with greater severity than would have otherwise occurred.

12.     Claimant PHILIP DUSHEY's injuries were the result of the faults, negligence and unseaworthiness of the vessel, and by its owners, operators, officers, agents, employees and crew's gorss negligence.  Such negligence and gross negligence exhibited itself through the navigation of the vessel and its running into a pier in Manhattan, New York.      13      . Claim is being made for compensatory damages for these injuries, punitive damages, plus pre- and post-judgment interest, costs of suit and attorney's fees.

14.     Claimant PHILIP DUSHEY is entitled to maintain an action to recover damages for the injuries sustained, and hereby claims $2,000,000.00 as the amount of such damages, no part of which has been paid.

## COUNT II

15.     Claimants repeat, reiterate and reallege each and every allegation of paragraphs "1" through "14", inclusive, of this Claim, as if same were fully set forth herein at length.

16.     At all times hereinafter mentioned, Claimant LAURIE DUSHEY was the lawfully wedded wife of Claimant PHILIP DUSHEY, and Claimant PHILIP DUSHEY was at all such times living, consorting and cohabiting with his said wife.

17.     By reason of said injuries to her husband, Claimant PHILIP DUSHEY, Claimant LAURIE DUSHEY has suffered mental anguish by being forced to witness her husband's subsequent suffering, whereby her own nerves and health have been seriously and permanently

shocked, weakened and impaired, and still continues to suffer in mind and body, and has been

deprived of the services of her husband, his care, protection, consideration, companionship, aid,

solace and society, and has been required to remain at home for long periods of time, denying

herself to friends and relatives, and that by reason of the foregoing in the loss of her husband's

consortium, Claimant LAURIE DUSHEY has been damaged.

18.     Claimant LAURIE DUSHEY is entitled to maintain an action to recover damages

for the loss of services of her husband, Claimant PHILIP DUSHEY, and hereby claims

$2,000,000.00 as the amount of such damages, no part of which has been paid.

## AS TO ALL COUNTS

19.     This claim in this limitation proceeding is being made under protest and without

prejudice to Claimants' position that this limitation action is improper, that the limitation action

is brought in bad faith and based upon an intentional misstatement of the facts, and should be

dismissed.

## REQUEST FOR JURY TRIAL

The Claimants request a jury trial on their Claim, which, had they been allowed to file in

state court, would have been allowed, and as to which they should not be deprived on account of

the exoneration claim, particularly if the claim is unsuccessful.  Additionally, Claimants are

entitled to a trial by jury pursuant to the "savings to suitors" clause, 28 U.S.C. § 1333, which

permits, by statutory authority or through the operation of common law, the right to a trial by

jury.  Alternatively, Claimants, Philip Dushey and Laurie Dushey, request an advisory jury.

WHEREFORE Claimants, PHILIP DUSHEY and LAURIE DUSHEY, as aforesaid,

demand judgment in the amount of $2,000,000.00 each, plus pre- and post-judgment interest,

costs, and attorney's fees.

Dated:  Florham Park, New Jersey
        March 28, 2013

                                    RESPECTFULLY SUBMITTED,


                                    _____\S_____
                                    Bennet Susser, Esq.
                                    JARDIM, MEISNER & SUSSER, P.C.
                                    Co-Counsel for Claimants
                                    PHILIP DUSHEY and LAURIE DUSHEY
                                    Office & P.O. Address
                                    30B Vreeland Road, Suite 201
                                    Florham Park, New Jersey 07932
                                    (973) 845- 7644

                                    _____\S_____
                                    Steven T. Halperin, Esq.
                                    HALPERIN & HALPERIN, P.C.
                                    Co-Counsel for Claimants
                                    PHILIP DUSHEY and LAURIE DUSHEY
                                    Office & P.O. Address
                                    18 East 48th Street
                                    New York, New York  10017
                                    (212) 935-2600

## **VERIFICATION**

**BENNET SUSSER**, an attorney, being duly sworn, deposes and says;

I am a member of the firm of Jardim, Meisner & Susser, P.C., the attorneys for the Claimants in the within action.  I have read the foregoing Claim of Damage and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true.

BENNET SUSSER

Sworn to before me this 28th
day of March, 2013

Richard S. Meisner
Attorney at Law

10