SEAN F. BYRNES, ESQ. (SF-5446)
Byrnes, O'Hern & Heugle, LLC
28 Leroy Place
Red Bank, NJ 07701
732-219-7711
Attorneys for Claimants
Jeffrey R. Leach & Dale Leach

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF SEASTREAK, LLC, AS OWNER OF THE VESSEL SEASTREAK WALL STREET FOR EXONERATION FROM OR LIMITATION OF LIABILITY. | : Civil Action No: 2:13-cv-00315-WJM-MF <br> : <br> : CLAIM FOR DAMAGE OF <br> : JEFFREY R. LEACH AND DALE LEACH <br> : <br> : |

AND NOW comes Jeffrey R. Leach, a passenger on the SeaStreak Wall Street, a high speed catamaran ferryboat, and Dale Leach, his spouse, by and through their attorneys, Sean F. Byrnes, Esq., of Byrnes, O'Hern & Heugle, LLC, and make this claim against the above named SeaStreak, LLC, as follows:

1. SeaStreak LLC, is an/the owner of SeaStreak Wall Street, a high speed catamaran ferryboat, which ferryboat on the 9th day of January 2013, violently collided with Pier 11 in the East River in downtown Manhattan while transporting fare paying passengers.

2. On the aforesaid date, Claimant, Jeffrey R. Leach, a passenger on said vessel was violently thrown about, causing him to suffer severe, grievous, permanent and irreparable physical, emotional and psychological injuries.

3. The full extent of claimant, Jeffrey R. Leach's permanent injuries are not yet known as Claimant, Jeffrey R. Leach continues to receive treatment and the full extent of his medical prognosis remains uncertain.

4. The collision was caused by, among other things, the failure of SeaStreak LLC to operate said vessel in a safe and proper manner, in accordance with principle of good seamanship. Specifically, Petitioner:

    a. Willfully and in reckless disregard for the safety of the passengers, operated the vessel at an excessive rate of speed considering the conditions then existing;

    b. Established as its customary practice and procedure unsafe and reckless navigational and docking procedures, whereby the speed of the vessel was primary, and safety an afterthought.

    c. Failed to conduct adequate sea trials following vessels modifications to ensure that the vessel, its engines and navigational equipment could safely operate under the extreme conditions established by the vessel owner/operator.

    d. Failed to adequately train the crew to react in response to foreseeable emergency conditions that could result from the high speed operation of the vessel.

    e. Failed to adequately supervise the crew;

    f. Failed to properly inspect and/or maintain the vessel;

    g. Lacked the ability to properly maneuver the vessel, or to adequately respond to the complaints of the master and crew that eth vessel was difficult to maneuver;

    h. In the overhaul of the vessel, improperly substituted equipment to increase economy at the expense of safety and performance.

    i. Failed to have adequate back up systems in place considering the foreseeable risk of system failure that would result form the extreme conditions under which the vessel was operated.

    j. Failed to approach the pier/dock in a proper direction.

    k. Failed to maintain and/or reduce speed in accordance with said conditions then existing.

    l. Violated one or more Rules of the Road pertaining to vessels in navigation

    m. Failed to warn claimant of the risks inherent in said operation of the vessel;

  n. Failed to keep a proper lookout;

  m. Failed to operate ad maintain a seaworthy vessel with a properly trained and competent crew.

  n. Such other acts of negligence, recklessness or unseaworthy conditions as shall be revealed through discovery and proven at trial

5. As a direct and proximate result of the above stated negligence, reckless acts and/or the unseaworthiness of the vessel, the vessel violently struck the pier/dock, and claimant Jeffery R, Leach was caused to be violently thrown about, dropping violently back onto the vessel, suffering severe, grievous, permanent and irreparable physical, emotional and psychological injuries.

6. The foregoing collision was caused in whole or in part by the aforesaid negligence, and/or recklessness of the vessel's Master, and/or its captain/pilot, the vessel's crew, agents, servants and employees, and within the privity or knowledge of SeaStreak, LLC, and by the failure of SeaStreak, LLC, to maintain a safe and seaworthy vessel at the inception of, and during the duration of the voyage.

7. The foregoing collision was caused in whole or in part by the negligence of SeaStreak LLC, in its capacity as vessel owner, and within the privity or knowledge of SeaStreak LLC and the master of the vessel, and/or its captain/pilot, and by its agents, servants and supervisors, the knowledge of whom is chargeable to SeaStreak, LLC.

8. As a result of said negligence, recklessness and unseaworthiness, Claimant, Jeffrey R. Leach, suffered severe, grievous, permanent and irreparable physical, emotional and psychological injuries, the full extent of which are not yet known as Claimant, Jeffrey R. Leach continues to receive medical treatment and his prognosis remains uncertain. Jeffrey R. Leach reserves the right to supplement/amend the following list of injuries:

      a. **Broken ribs;**
      b. **Torn anterior cruciate ligament;**
      c. **Facial laceration**
      d. **Tibula fracture**
      e. **Deep Vein Thrombosis**
      f. **Damaged bilateral patella;**
      g. **Scarring and deformity;**
      h. **Psychological and emotional trauma, anxiety, torment and anguish;**
      i. **Economic loss;**
      j. **Lost earning potential; and**
      k. **Loss of enjoyment of life.**

9. As a result of said negligence, recklessness and unseaworthiness, Claimant, Dale Leach, who, at all times pertinent hereto, was and is the lawful spouse of claimant, Jeffrey R. Leach, was caused to suffer irreparable psychological and emotional trauma, torment and anxiety, has been and will in the future be force to expend great sums of money in an effort to seek a cure for her husband's injuries; has been and will in the future be prevented from engaging in her usual pursuits and occupations with her husband, has and will in the future suffer a loss of consortium of her husband, Claimant Jeffrey R, Leach, and has and will in the future be caused to suffer a loss of enjoyment of life.

10. Claim is being made for compensatory damages for these injuries, punitive damages, plus pre-and post judgment interest, costs of suit and attorney's fees.

11. Claimants are entitled to maintain an action to recover damages for the injuries sustained and hereby claim $10,000,000 as the amount of such damages, no part of which has been paid.

12. This claim in this limitation proceeding is being made under the protest and without prejudice to Claimants' position that this limitation action is improper, that the limitation action is brought in bad faith and based upon an intentional misstatement of the facts, and should be dismissed.

WHEREFORE, the said claimants, Jeffrey R. Leach and Dale Leach. as aforesaid demand judgment in the amount of $10,000,000, plus pre- and post judgment interest, costs, and attorneys' fees.

BYRNES OHERN & HEUGLE LLC

Date: April 1, 2013   BY_____
SEAN F. BYRNES (SF-5446)
Attorneys for Claimants

### REQUEST FOR JURY TRIAL

The Claimants request a jury trial on their claim which, had they been allowed to file in state court, would have been allowed, and as to which they should not be deprived on account of the exoneration claims particularly if such claim is unsuccessful. Alternatively, Jeffrey R. Leach and Dale Leach request an advisory jury.

BYRNES OHERN & HEUGLE LLC

Date: April 1, 2013   BY_____
SEAN F. BYRNES (SF-5446)
Attorneys for Claimants

### VERIFICATION

Sean F. Byrnes, Esq., being duly sworn, deposes and says that he is an attorney in the office of Byrnes, O'Hern & Heugle, LLC, and attorney for the within claimants in the above-captioned matter; that he has read the foregoing and knows the contents thereof; that the same is true on his own knowledge except as to matters therein stated to be alleged on information and

belief and that as to those matters therein stated to be alleged on information and belief are investigations and representations made by representatives of the claimants and documents in his possession.

_____
SEAN F. BYRNES

Sworn and Subscribed to
Before me this ___1st___ day
Of April, 2013

_____
ANNA L. DICARLO
Notary Public of New Jersey
My Commission Expires 10/12/2016

6