UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

IN THE MATTER OF THE
COMPLAINT OF
SEASTREAK, LLC, AS OWNER           2:13-cv-00315-WJM-MF
OF VESSEL SEASTREAK WALL
STREET FOR EXONERATION
FROM OR LIMITATION OF
LIABILITY

---

**CONSENT ORDER FOR *PRO HAC VICE*
ADMISSION OF STEVEN T. HALPERIN, ESQ.**

---

THIS MATTER having been opened to the Court by Jardim, Meisner & Susser, P.C. (Bennet Susser, Esq., appearing), attorneys for Claimants Philip Dushey and Laurie Dushey (the "Dushey Claimants") for an Order, pursuant to Local Civil Rule 101.1(c) of the Local Civil Rules of the United States District Court for the District of New Jersey admitting Steven T. Halperin, Esq. of Halperin & Halperin *pro hac vice* for purposes of representing the Dushey Claimants in this matter together with the Dushey Claimants' New Jersey counsel; counsel for Petitioner Seastreak, LLC, Kevin J. Bruno, Esq. with Blank Rome LLP, having consented to the form and entry of this Order ▮▮▮▮▮ and the Court having considered this matter pursuant to FED. R. CIV. P. 78, and for good cause shown,

IT IS on this __24__ day of __April__, 2013;

ORDERED that:

Steven T. Halperin, Esq. of the firm Halperin & Halperin, P.C., located at 18 East 48th Street, Suite 2200, New York, NY 10017, a member in good standing of the following jurisdictions:

- State of New York (1988)

- United States District Courts for the Southern District of New York (1988); and

- United States District Courts for the Eastern District of New York (1988);

be hereby permitted to appear *pro hac vice* in this action pursuant to Local Civil Rule 101.1(c); however, all pleadings, briefs and other papers filed with the Court on behalf of the Dushey Claimants shall be signed by a member or associate of the law firm of Jardim, Meisner, & Susser, P.C. shall remain counsel of record upon whom all notices, orders, and pleadings shall be served, who shall sign all of the Dushey Claimants' pleadings, briefs and other papers filed with this Court, and who shall be responsible for said papers, for the conduct of the cause, and who shall be present before the Court during all phases of this proceeding, unless expressly excused by the Court, as well as be held responsible for the conduct of Steven T. Halperin;

AND IT IS FURTHER ORDERED that Steven T. Halperin, Esq. shall be bound by the Rules of this Court, including all applicable disciplinary rules, and will notify the Court immediately of any matter affecting his good standing before the bar of any jurisdiction.

AND IT IS FURTHER ORDERED that Steven T. Halperin, Esq. shall, within twenty (20) days from the date of entry of this Order granting *pro hac vice* admission, send a copy of the Order along with the annual fee to the New Jersey Lawyers' Fund for Client Protection in accordance with New Jersey Court Rule 1:28-2, an annual fee to the Oversight Committee to be used for attorney discipline and fee arbitration pursuant to New Jersey Court Rule 1:20-1(b), and an annual assessment for the administration of the Lawyers' Assistance Program pursuant to New Jersey Court Rule 1:28B(e)\, and for each calendar year that this matter is pending;

AND IT IS FURTHER ORDERED that Steven T. Halperin, Esq. shall pay $15.00 to the Clerk, United States District Court for the District of New Jersey;

AND IT IS FURTHER ORDERED that Steven T. Halperin, Esq. shall be bound by the General and Admiralty Rules of the United States District Court for the District of New Jersey, including, but not limited to the provisions of L. CIV. R. 103.1 ("Judicial Ethics and Professional Responsibility"), and L. CIV. R. 104.1 ("Discipline of Attorneys");

AND IT IS FURTHER ORDERED that Steven T. Halperin, Esq. shall be deemed to have agreed to take no fee in any tort case in excess of the New Jersey State Court Contingency Fee Rule, Rule 1:21-7, as amended, and to otherwise abide by the Rules of Court, including all disciplinary rules.

AND IT IS FURTHER ORDERED that Steven T. Halperin, Esq. shall be deemed to have agreed that, upon admission *pro hac vice*, he shall consent to the appointment of the Clerk of the Supreme Court of New Jersey as agent upon whom service of process may be made for all actions against him or his law firm that may arise out of his participation in this matter.

_____
HON. MARK FALK, U.S.M.J.