SULLIVAN PAPAIN BLOCK
McGRATH & CANNAVO P.C.
126 State Street
Hackensack, New Jersey 07601

    -and-

120 Broadway
New York, New York 10271
Telephone no.: (212)732-9000
Facsimile no.: (212)266-4156
Attorneys for Claimants
Ashley Furman and Gerard Levin
FFloriani@triallaw1.com


UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------x
IN THE MATTER OF THE                    CIVIL ACTION NO. 13-315 (WJM)
COMPLAINT OF SEASTREAK,
LLC, AS OWNER OF THE                     **ANSWER AND CLAIM**
EXONERATION FROM, OR                    **JURY TRIAL DEMAND**
LIMITATION OF LIABILITY.
-------------------------------------------------------x

      Claimants, Ashley Furman and Gerard Levin, by their attorneys, Sullivan Papain Block McGrath & Cannavo P.C. claiming of limitation peititioner Seastreak, LLC ("SeaStreak" or "Petitioner") as owner, owner *pro hac* vice and/or charterer of the vessel SEASTREAK WALL STREET pursuant to Rule F(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and without prejudice to claimants' right to seek a trial by jury of their claims, whether in the within Court or within an appropriate state court as authorized by the "saving to suitors" clause of the Judiciary Act of 1789, as amended, codified at 28 U.S.C. § 1331(1), state as follows:

1. The allegations contained in this paragraph do not pertain to these Claimants, and therefore no response is required.  To the extent that this Petitioner has failed to comply with the required provisions of the *Limitation* of *Liability* Act, 46 U. s. C. 30501, et *seq.,* *Fed. R. Civ. P.* 9(h) and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, the allegations contained in this paragraph, as they pertain to this Petitioner's attempt to limit liability, are denied.

2. The allegations contained in this paragraph do not pertain to these Claimants, and therefore no response is required. To the extent that this Petitioner has failed to comply with the required provisions of the *Limitation of Liability Act,* 46 U.S.C. 30501, et *seq.,* *Fed. R. Civ. P.* 9(h) and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, whereby said failure creates a jurisdictional defect, the allegations contained in this paragraph, as they pertain to this Petitioner's attempt to limit liability, are denied.

3. Admit the allegations in this paragraph.

4. The allegations contained in this paragraph do not pertain to these Claimants, and therefore no response is required. To the extent that this Petitioner has failed to comply with the required provisions of the Limitation of Liability Act, 46 U.S.C. 30501, et seq., Fed. R. Civ. P. 9(h) and Rule F. of the Supplemental Rules for Certain Admiralty and Maritime Claims, the allegations contained in this paragraph, as they pertain to this Petitioner's attempt to limit liability, are denied.

5. The allegations contained in this paragraph are denied.

6. The allegations as to the value of the vessel  are denied. Further, as part of a joint venture involving several vessels, the value of the SEASTREAK WALL STREET is material only in that its proper value, and pending freight, needs to be included in computing

the value of the flotilla.

7. The allegations as to the value of the vessel are denied. Further, as part of a joint venture involving several vessels, the value of the SEASTREAK WALL STREET is material only in that its proper value, and pending freight, needs to be included in computing the value of the flotilla.

8. Admit the allegations of this paragraph.

9. Admit the allegations in this paragraph.

10. Neither admit or deny the statements in paragraph 10 of the complaint, as they are not statements of fact which can be admitted or denied, but to the extent that a response is required, Claimants deny the allegations in paragraph 10.

11. Neither admit or deny the statement in paragraph 11 of the complaint, as they are not statements of fact which can be admitted or denied, but to the extent that a response is required, Claimants deny the allegations in paragraph 11.

### AFFIRMATIVE DEFENSES

1. The petition fails to state a claim upon which relief may be granted.

2. The acts leading to the losses claimed by Claimants were within the privity and knowledge of the Petitioner.

3. The security posted or pledged by Petitioner is inadequate.

4. The security is inadequate and improper as it does not include vessels pursuant to the flotilla doctrine.

5. There was no comparative or contributory fault by Claimant Ashley Furman.

6. There is no right to exoneration of liability under the statutes alleged by Petitioner to be applicable.

7 . Claimants are entitled to have their claims heard by a jury in a state court of their choosing.

WHEREFORE, Claimants demand that the Petition be denied, that same be dismissed, with costs and fees awarded to Claimants, and for such other relief as to which claimants are entitled.

## CLAIM OF ASHLEY FURMAN

Claimant, Ashley Furman states the following claim against SEASTREAK, LLC and respectfully alleges upon personal knowledge and information and belief as follows, and further answering the complaint, and, as for her claim against SEASTREAK, LLC, states as follows:

1. This Court has jurisdiction over this action pursuant to Admiralty and Maritime Law, pursuant to 28 USC § 1333, and through diversity of citizenship, 28 USC § 1332, this being a claim in excess of $75,000.00.

2. Claimant Ashley Furman is hereby entitled to a trial by jury pursuant to the "savings to suitors" clause, 28 USC 1333 which permits, by statutory authority or through the operation of common law, the right to a trial by jury.

3. At all times here involved Claimant Ashley Furman was a resident of the State of New Jersey, and was such on January 9, 2013. SEASTREAK LLC admits it is diverse from plaintiff, it being a corporation within the State of Delaware.

4. At all relevant times, SEASTREAK LLC owned, chartered, operated, maintained and/or otherwise controlled the vessel SEASTREAK WALL STREET.

5. On or about January 9th, 2013, at or about 8:40 a.m. SEASTREAK, by its employees, agents and/or crew, was steering, operating and navigating the vessel SEASTREAK WALL

STREET within the navigable waters of the State of New York in the East River, at or about Pier 11 off downtown Manhattan, New York.

6. On January 9, 2013, Claimant Ashley Furman was a passenger aboard the SEASTREAK WALL STREET, which was involved in a collision with Pier 11 in Manhattan, New York.

7. Said injuries were not caused or contributed to by any fault or negligence on the part of Claimant, Ashley Furman and was solely caused by reason of the negligence of Petitioner, its officers, servants, agents, and employees and/or other persons for whom Petitioner was and is responsible, and the unseaworthiness of the vessel, referred to above, in that <u>inter alia</u>:

A. The conduct of the vessel was such that it was operated, controlled, managed and maintained in a careless and negligent manner;

B. The vessel was not safe, staunch, properly equipped, supplied or seaworthy;

C. Petitioner failed to maintain the said vessel and its equipment and appliances, in a safe and seaworthy condition;

D. The vessel was not reasonably safe or suitable to perform the intended voyage;

E. The vessel was permitted and allowed to go upon the waters in an unsafe and unseaworthy condition and that such condition of said vessel and any and all damages and injuries was done, occasioned and incurred with the privity or knowledge of the Petitioner, its officers, agents, servants or employees at or prior to the commencement of the voyage;

F. Petitioner, its officers, agents, servants, employees, crew and/or other persons for whom the Petitioner was and is responsible, failed to take suitable precautions for the safety of the claimant Ashley Furman under the circumstances and conditions then existing to the

knowledge of Petitioner, it having actual and constructive notice of the unsafe, dangerous and unseaworthy conditions.

G. Petitioner, its officers, agents, servants, employees, crew and/or other persons for whom Petitioner was and is responsible failed to provide proper and adequate navigational and propulsion equipment, appurtenances, devices and other vessel gear; failed to provide proper and adequate safety equipment; failed to insure the proper use of available safety equipment; failed to provide proper and adequate instruction and training to the vessel's crew and passengers; failed to keep a proper and vigilant lookout; failed to properly operate and control the vessel SEASTREAK WALL STREET; and in such other and further respects as evidence in this matter may reveal.

8. Claimant Ashley Furman further alleges that Petitioner breached the nondelegable duty in permitting the vessel to go upon the waters in an unsafe and unseaworthy condition, and that the casualty caused by said vessel and any and all damages and injuries resulting therefore was done, occasioned, and occurred with the privity or knowledge, of SEASTREAK LLC, at or prior to the commencement of the voyage upon which the vessel was then engaged.

9. The claimant Ashley Furman's injuries, furthermore, were the result of the faults, negligence unseaworthiness of the vessel, and by its owners, operators, officers, agents, employees and crew's gross negligence. Said negligence and gross negligence exhibited itself through the navigation of the vessel and its crashing into Pier 11 in Manhattan, New York.

10. By reason of the matters aforesaid, claimant Ashley Furman sustained severe injuries, and experienced pain, anxiety, shock, and physical and mental and emotional suffering, and continues to do so.

11. At all times herein mentioned the vessel was on the navigable waters of the United States and therefore this claim is within the admiralty jurisdiction of the United States of America.

12. Claimant Ashley Furman brings this claim for damages pursuant to the provisions of the General Maritime Law and other state, federal, common law and/or statutory law.

13. That by the reason of the foregoing, provisions or regulations claimant Ashley Furman hereby claims monetary damages for the losses she suffered and will suffer, including for her conscious pain and suffering, past and future, emotional and psychological stress, past and future, her lost wages and benefits, past and future, medical bills, past and future. This claim and answer are filed herein pursuant to statutes, covering limitation of liability proceedings, 46 USC §30501 et seq. and claimant reserves all rights, including the right to trial by jury.

## CLAIM OF GERARD LEVIN

1. The allegations of the claim of Ashley Furman are repeated as if realleged in full.

2. The Claimant Gerard Levin at all times herein was and is the husband of the Claimant Ashley Furman.

3. As a result of the negligence of the Petitioner and unseaworthiness of the aforesaid vessel, the Claimant Gerard Levin, has been deprived of the services, society and consortium of his wife and will be deprived of same for a long period of time in the future and claims monetary damages as a result thereof.

WHEREFORE, Claimants Ashley Furman and Gerard Levin pray that their answer and claim be deemed sufficient and that Petitioner be denied the right to limit and/or exonerate its liability in this matter, and that an injunction be lifted to allow Claimants to pursue their claims in any court of competent jurisdiction of their choosing and that as an alternative Claimants'

claims be resolved in their favor in due process and there be judgment in their favor in due process and there be judgment in their favor on all counts and claims for damages, interest and costs.

**CLAIMANTS DEMAND A JURY TRIAL.**

Dated: April 26, 2013

/s/ FRANK V. FLORIANI_____
FRANK V. FLORIANI (FF4489)