Norman M. Hobbie, Esq.
**HOBBIE, CORRIGAN & BERTUCIO, P.C.**
125 Wyckoff Road
Eatontown, New Jersey 07724
(732) 380-1515
NH 2679
ATTORNEYS FOR CLAIMANTS
Michael Straine and Colleen Straine

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE**

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF SEASTREAK, LLC, AS OWNER OF THE VESSEL SEASTREAK WALL STREET FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Civil Action No. 2:13-cv-00315-WJM-MF<br><br>**CLAIM OF DAMAGE OF MICHAEL STRAINE AND COLLEEN STRAINE** |

**CLAIM OF DAMAGE**

And now comes Michael Straine, a passenger on the SEASTREAK WALL STREET, a high speed catamaran ferryboat, and Colleen Straine his spouse, by and through their attorneys, Norman M. Hobbie, Esq., of HOBBIE, CORRIGAN & BERTUCIO, P.C., and make this claim against the above named SeaStreak, LLC, as follows:

1. SeaStreak, LLC, is an/the owner of SEASTREAK WALL STREET, a high speed catamaran ferryboat, which ferryboat on the 9th day of January, 2013, violently collided with Pier 11 in the East River in downtown Manhattan while transporting fare paying passengers.

2. On the aforesaid date, Claimant, Michael Straine, a passenger on said vessel, was violently thrown about, causing him to suffer severe, grievous, permanent and irreparable physical, emotional and psychological injuries.

3. The full extent of Claimant, Michael Straine's permanent injuries are not yet known.

4. The collision was caused by, among other things, the failure of SeaStreak, LLC, to operate said vessel in a safe and proper manner, in accordance with principles of good seamanship. Specifically, Petitioner:

   a. Willfully and in reckless disregard for the safety of the passengers, operated the vessel at an excessive rate of speed considering the conditions then existing;

   b. Established as its customary practice and procedure unsafe and reckless navigational and docking procedures, whereby the speed of the vessel was primary, and safety an afterthought;

   c. Failed to conduct adequate sea trials following vessel modifications to ensure that the vessel, its engines and navigational equipment could safely operate under the extreme conditions established by the vessel owner/operator;

   d. Failed to adequately train the crew to react in response to foreseeable emergency conditions that could result from the high speed operation of the vessel;

   e. Failed to adequately supervise the crew;

   f. Failed to properly inspect and/or maintain the vessel;

   g. Lacked the ability to properly maneuver the vessel, or to adequately respond to the complaints of the master and crew that the vessel was difficult to maneuver;

   h. In the overhaul of the vessel, improperly substituted equipment to increase economy at the expense of safety and performance.

   i. Failed to have adequate back up systems in place considering the foreseeable risk of system failure that would result from the extreme conditions under which the vessel was operated;

   j. Failed to approach the pier/dock in a proper direction;

    k.    Failed to maintain and/or reduce speed in accordance with said conditions then existing;

    l.    Violated one or more Rules of the Road pertaining to vessels in navigation;

    m.    Failed to warn Claimant of the risks inherent in said operation of the vessel;

    n.    Failed to keep a proper lookout;

    o.    Failed to operate and maintain a seaworthy vessel with a properly trained and competent crew.

    p.    Such other acts of negligence, recklessness or unseaworthy conditions as shall be revealed through discovery and proven at trial.

    5.    As a direct and proximate result of the above stated negligent, reckless acts and/or the unseaworthiness of the vessel, the vessel violently struck the pier/dock, and Claimant, Michael Straine, was caused to be violently thrown about, dropping violently back onto the vessel, suffering severe, grievous, permanent and irreparable physical, emotional and psychological injuries.

    6.    The foregoing collision was caused in whole or in part by the aforesaid negligence, and/or recklessness of the vessel's Master, and/or its captain/pilot, the vessel's crew, agents, servants and employees, and within the privity or knowledge of SeaStreak, LLC, and by the failure of SeaStreak, LLC, to maintain a safe and seaworthy vessel at the inception of, and during the duration of the voyage.

    7.    The foregoing collision was caused in whole or in part by the negligence of SeaStreak, LLC, in its capacity as vessel owner, and within the privity or knowledge of SeaStreak, LLC, and the master of the vessel, and/or its captain/pilot, and by its agents, servants and supervisors, the knowledge of whom is chargeable to SeaStreak, LLC.

8. As a result of said negligence, recklessness and unseaworthiness, Claimant, Michael Straine, suffered severe, grievous, permanent and irreparable physical, emotional and psychological injuries, the full extent of which are not yet known, and Claimant, Michael Straine, and reserves the right to supplement/amend the following list of injuries.

    a. Left knee meniscus tear;

    b. Left shoulder injury;

    c. Left shin injury;

    d. Neurological impairment;

    e. cognitive impairment;

    f. psychological and emotional trauma, anxiety, torment and anguish;

    g. economic loss; and

    h. loss of enjoyment of life

9. As a result of said negligence, recklessness and unseaworthiness, Claimant, Colleen Straine, who, at all times pertinent hereto, was and is the lawful spouse of Claimant, Michael Straine, was caused to suffer irreparable psychological and emotional trauma, torment and anxiety; has been and will in the future be forced to expend great sums of money in an effort to seek a cure for her husband's injuries; has been and will in the future be prevented from engaging in her usual pursuits and occupations with his wife, has and will in the future suffer a loss of consortium of her husband, Claimant, Michael Straine, and has and will in the future be caused to suffer a loss of enjoyment of life.

10. Claim is being made for compensatory damages for these injuries, punitive damages, plus pre-and post judgment interest, costs of suit and attorney's fees.

11.  Claimants are entitled to maintain an action to recover damages for the injuries sustained, and hereby claim $2,500,000.00 as the amount of such damages, no part of which has been paid.

12.  This claim in this limitation proceeding is being made under protest and without prejudice to Claimants' position that this limitation action is improper, that the limitation action is brought in bad faith and based upon an intentional misstatement of the facts, and should be dismissed.

**WHEREFORE** the said Claimants, Michael Straine and Colleen Straine as aforesaid, demand judgment in the amount of $2,500,000.00, plus pre- and post-judgment interest, costs, and attorney's fees.

_____
Norman M. Hobbie, Esq.
Attorney for Claimants
Michael Straine and Colleen Straine

## REQUEST FOR JURY TRIAL

The Claimants request a jury trial on their Claim, which, had they been allowed to file in state court, would have been allowed, and as to which they should not be deprived on account of the exoneration claim, particularly if such claim is unsuccessful. Alternatively, Michael Straine and Colleen Straine, request an advisory jury.

_____
Norman M. Hobbie, Esq.
Attorney for Claimants
Michael Straine and Colleen Straine

5

## VERIFICATION

Norman M. Hobbie, Esq., being duly sworn, deposes and says that he is an attorney in the offices of Hobbie, Corrigan & Bertucio, P.C., and attorney for the within claimants in the above-captioned action; that he has read the foregoing and knows the contents thereof; that the same is true to his own knowledge except as to matters therein stated to be alleged on information and belief and that, as to those matters therein stated to be alleged on information and belief are investigations and representations made by representatives of the claimants and documents in his possession.

_____
Norman M. Hobbie, Esq.

Sworn to and Subscribed to
before me this ___6___ day
of May, 2013.

_Christina Mannon_

**CHRISTINA ANN MANNON**
A Notary Public of New Jersey
My Commission Expires December 1, 2014