HOFMANN & SCHWEITZER
1130 Route 202 South, Suite A7
Raritan, NJ 08869
Tel: 908-393-5662

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-------------------------------------------------------------------------x

IN THE MATTER OF THE COMPLAINT OF
SEASTREAK, LLC, as Owner of the Vessel
SEASTREAK WALL STREET for Exoneration from                    2:13 - cv - 315 (WJM)
or Limitation of Liability

-------------------------------------------------------------------------x

### ANSWER AND CLAIM OF INDRIS E. MEDNIS

### JURY TRIAL DEMANDED

### ANSWER TO THE COMPLAINT OF SEASTREAK, LLC

INDRIS E. MEDNIS , (hereinafter sometimes described as "claimant") answering

the petition and complaint of SEASTREAK,  LLC, states as follows:

1.      Admits the allegations in paragraph 1 of the Complaint.

2.      Admits the allegations in paragraph 2 of the Complaint.

3.      Admits the allegations in paragraph 3 of  the Complaint.

4.      Can neither admit or deny the allegations in paragraph 4 of the Complaint.

5.      Denies the allegations in paragraph 5 of the Complaint.

6.      Can neither admits or deny the allegations in paragraph 6  of the Complaint.

7       Admits that petitioner has made the offer alleged in paragraph 7 of the

Complaint.

8.      Admits the allegations in paragraph 8 of the Complaint.

9.      Admits the allegations in paragraph 9 of the Complaint.

10.    Neither admits or denies the statements in paragraph 10 of the complaint, as they are not statements of fact which can be admitted or denied, but to the extent that a response is required, claimant denies the allegations in paragraph 10.

11.    Neither admits or denies the statements in paragraph 11 of the complaint, as they are not statements of fact which can be admitted or denied, but to the extent that a response is required, claimant denies the allegations in paragraph 11.

## AFFIRMATIVE DEFENSES

1.    The petition fails to state a claim upon which relief may be granted.

2.    The acts leading to the losses claimed by Claimant were within the privity and knowledge of the Petitioner.

3.    The security posted or pledged by Petitioner is inadequate.

4.    There was no comparative or contributory fault by claimant.

5.    There is no right to exoneration of liability under the statutes alleged by petitioner to be applicable.

6.    Claimant is entitled to have his claims heard by a jury in a state court of his choosing.

WHEREFORE, claimant demands that the Petition be denied, that same be dismissed, with costs and fees awarded to claimant, and for such other relief as to which claimant is entitled.

CLAIM OF INDRIS E. MEDNIS

INDRIS E. MEDNIS (hereinafter sometimes described as "claimant"), states the following claim against SEASTREAK, LLC and respectfully alleges upon personal knowledge and information and belief as follows, and further answering the complaint, and as and for his claim against SEASTREAK LLC, claimant states as follows:

1.    Claimant repeats and realleges each and every allegation stated above with the same force and effect as if set forth in their entirety.

2.    The jurisdiction of this Court over this claim arises under and by virtue of the General Admiralty and Maritime Law, pursuant to 28 USC § 1333, and through diversity of citizenship, 28 USC § 1332, this being a claim in excess of $75,000 exclusive of costs and interest.

3.    Claimant is hereby entitled to a trial by jury pursuant to the "savings to suitors" clause, 28 U.S.C. § 1333 which permits, by statutory authority or through the operation of common law, the right to a trial by jury.

4.    At all times here involved claimant was a resident of the State of New Jersey, and was such on January 9, 2013.  SEASTREAK LLC admits it is diverse from plaintiff, it being a corporation within the State of Delaware.

5.    On January 9, 2013, claimant was a passenger aboard the SEASTREAK WALL STREET, which was involved in an allision with a pier in Manhattan, New York.

6.    Said occurrence caused severe injuries to claimant and was the result of the negligence of the petitioner, its officers, servants, agents, employees and/or other persons for whom said petitioner was and is responsible, and by the unseaworthiness

3

of the vessel SEASTREAK WALL STREET.

7.      Said injuries were not caused or contributed to by any fault or negligence on the part

of claimant, but were caused by reason of the negligence of the petitioner, its

officers, servants, agents, and employees and/or other persons for whom petitioner

was and is responsible, and the unseaworthiness of the vessel, referred to above, in

that inter alia:

A.      The conduct of the vessel was such that it was operated, controlled, managed

and maintained in a careless and negligent manner;

B.      The vessel was not safe, staunch, properly equipped, supplied or seaworthy;

C.      Petitioner failed to maintain the said vessel and its equipment and appliances,

in a safe and seaworthy condition;

D.      The vessel was not reasonably safe or suitable to perform the intended

voyage;

E.      The vessel was permitted and allowed to go upon the waters in an unsafe and

unseaworthy condition and that such condition of said vessel and any and all

damages and injuries was done, occasioned and incurred with the privity or

knowledge of the petitioner, its officers, agents, servants or employees at or

prior to the commencement of the voyage;

F.      Petitioner, its officers, agents, servants, employees, and/or other persons for

whom the petitioner was and is responsible, failed to take suitable precautions

for the safety of the claimant's decedent under the circumstances and

conditions then existing to the knowledge of the petitioner, the said petitioner

having actual and constructive notice of the unsafe, dangerous and unseaworthy conditions.

8.    Claimant reserves the right to claim against the petitioner and the vessel for such other and further and different faults, negligence, and unseaworthiness as the evidence may disclose.

9.    Claimant further alleges that petitioner breached the nondelegable duty in permitting the vessel to go upon the waters in an unsafe and unseaworthy condition, and that the casualty caused by said vessel and any and all damages and injuries resulting therefore was done, occasioned, and occurred with the privity or knowledge, at or prior to the commencement of the voyage upon which the vessel was then engaged.

10.   The claimant's injuries, furthermore, were the result of the faults, negligence and unseaworthiness of the vessel, and by its owners, operators, officers, agents, employees and crew's gross negligence.  Said negligence and gross negligence exhibited itself through the navigation of the vessel and its running into a pier in Manhattan, New York.

11.   By reason of the matters aforesaid, claimant sustained severe injuries, and experienced pain, anxiety, shock, and physical and mental and emotional suffering, and continues to do so.  Claimant suffered injuries to his head, his thumb and other parts of his body.

12.   At all times herein mentioned the vessel was on the navigable waters of the United States and within the admiralty jurisdiction of the United States of America.

13.   The claimant brings this claim for damages pursuant to the provisions of the General

5

Maritime Law and other state, federal, common law and/or statutory provisions or regulations.

14. That by the reason of the foregoing, claimant hereby claims monetary damages for the losses he suffered and will suffer, including for his conscious pain and suffering, past and future, emotional and psychological stress, past and future, his lost wages and benefits, past and future, medical bills, past and future.

15. This answer is filed herein pursuant to statutes covering limitation of liability proceedings, 46 U.S.C. § 30501 et seq., and claimant reserves all rights, including the right to trial by jury.

WHEREFORE, claimant having fully answered, prays:

That an order be entered herein that petitioner is not entitled to exoneration from liability herein;

That an order be entered herein that petitioner is not entitled to limitation of liability herein;

That an order be entered that the occurrence referred to in the complaint happened with the privity and knowledge of the petitioner;

That an order be entered that the claimant be permitted to pursue this action with trial by jury to recover damages against the petitioner for injuries and losses as aforesaid;

That if this Court does not allow the claimant the right of a trial by jury to recover the aforesaid damages, then in such event the claim of the claimant be allowed as requested herein with interest and costs, and that claimant may have such other and further relief as in law and justice he may be entitled to receive.

That claimant be permitted to pursue his claims against such other persons and entities who were also at fault in causing the aforesaid injuries and damages.

Dated: Raritan, New Jersey
      May 7, 2013

HOFMANN & SCHWEITZER
Attorneys for Plaintiff

By:

Paul T. Hofmann (PH 1356)
1130 Route 202 South, Ste. 7A
Raritan, New Jersey 08869
908-393-5662

7

## **VERIFICATION**

Pursuant to 28 USC § 1746, I hereby declare, under penalty of perjury under the laws of the United States of America that the following is true and correct.

I am a claimant in this matter, and I have read the foregoing answer and claim, and I am familiar with its contents, which are true to the best of my knowledge, information and belief.

Dated: *May 7, 2013*

_____
INDRIS E. MEDNIS