Michael S. Simon, Esq.
LAW OFFICE OF SIMON, MONAHAN & SIMON, L.L.C.
216 Highway 18
East Brunswick, NJ 08816
(732) 745-9400
MS 0424
Attorneys for Claimant, Yuan Wang

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## NEWARK VICINAGE

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF SEASTREAK, LLC, AS OWNER OF THE VESSEL SEASTREAK WALL STREET FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Civil Action No. 2:13-cv-00315-WJM-MF <br><br> **ANSWER AND AFFIRMATIVE DEFENSES OF YUAN WANG TO COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY** |

### ANSWER TO COMPLAINT

#### For Exoneration from or Limitation of Liability

#### And Affirmative Defenses

And now comes Yuan Wang, a passenger on the SEASTREAK WALL STREET, a high speed catamaran ferryboat, by and through his attorney, Michael S. Simon, Esq., of SIMON, MONAHAN & SIMON, LLC., and for his Answer and Affirmative Defenses to the Complaint in Limitation of Seastreak, LLC, state as follows:

1.  The allegations contained in this paragraph do not pertain to this Claimant, and therefore no response is required. To the extent that this petitioner has failed to comply with the required provisions of the *Limitation of Liability Act,* 46 USC 30501, *et seq., Fed. R. Civ. P.* 9(h) and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, the allegations contained in this paragraph, as they pertain to this Petitioner's attempt to limit liability, are denied.

2.      The allegations contained in this paragraph do not pertain to this Claimant, and therefore no response is required.  To the extent that this petitioner has failed to comply with the required provisions of the *Limitation of Liability Act,* 46 USC 30501, *et seq., Fed. R. Civ. P.* 9(h) and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, whereby said failure creates a jurisdictional defect, the allegations contained in this paragraph, as they pertain to this Petitioner's attempt to limit liability, are denied.

3.      The allegations that the vessel collided with the pier are admitted.

4.      The allegations contained in this paragraph do not pertain to this Claimant, and therefore no response is required.  To the extent that this petitioner has failed to comply with the required provisions of the *Limitation of Liability Act,* 46 USC 30501, *et seq., Fed. R. Civ. P.* 9(h) and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, the allegations contained in this paragraph, as they pertain to this Petitioner's attempt to limit liability, are denied.

5.      The allegations contained in this paragraph are denied, as they pertain to the conduct of the Petitioner, its agents, servants and employees, and any other culpable parties for whose negligence and recklessness the petitioner is responsible.

6.      The allegations as to the value of the vessel are denied.  Further, as part of a joint venture involving several vessels, the value of the SEASTREAK WALL STREET is material only in that its proper value, and pending value, and pending freight, needs to be included in computing the value of the flotilla.

7.      The allegations as to the value of the vessel are denied.  Further, as part of a joint venture involving several vessels, the value of the SEASTREAK WALL STREET is material only in that its proper value, and pending value, and pending freight, needs to be included in computing the value of the flotilla.

2

8.     Admitted.

9.     Upon information and belief, venue is admitted, under protest and without prejudice to Claimant's position that this limitation action is improper.

10.    Claimant denies that Petitioner has any defense to the claims of Claimant that would support limitation of, or exoneration from liability.

11.    Claimant denies that Petitioner is entitled to the protections of 46 USC 30501 and the various statutes supplementary or amendatory thereto.  Further, Claimant denies that the proper surety is limited to the value of the vessel, SEASTREAK WALL STREET and its pending freight.  Said surety must also include the value of all vessels in the flotilla, their pending freight, and an additional sum of $ 420 per gross ton of all vessels in said flotilla.

**WHEREFORE**, Claimant, Yuan Wang, prays that the within Complaint in limitation be dismissed with prejudice and at the costs of Seastreak, LLC, and that the Order Restraining Suits be vacated.


In the alternative, Claimant, Yuan Wang, prays:

1.     For an award in the full, unlimited amount of his injuries, plus punitive damages, interest, costs and attorney's fees, and that he be awarded a maritime tort lien against the Limitation Vessel and all vessels that constitute the flotilla;

2.     That judgment of condemnation and sale be entered against the Limitation Vessel, and all vessels that constitute the flotilla, their engines, tackle, appurtenances, etc.;

3.     That this Court grants priority to his tort claim over the claims of any other claimants to this proceeding.

**Affirmative Defenses**

1.   The accident occurred within the privity and knowledge of Seastreak, L.L.C., and its agents, servants and supervisors, the knowledge of whom is chargeable to Seastreak, L.L.C.

2.   The collision occurred within the privity and knowledge of the Master of the SEASTREAK WALL STREET, whose knowledge, for purposes of personal injury claims, is imputed to the owner of the SEASTREAK WALL STREET.

3.   Posting of bond is untimely.

4.   The security is inadequate pursuant to the "flotilla doctrine" as it fails to account for the value of all vessels in fleet and their pending freight, absent adequate security, this action should be dismissed.

5.   The LIMITATION fund must be increased pursuant to the "flotilla doctrine".

6.   The security is inadequate pursuant to the provisions of the Limitation of Liability Act, where for personal injury claims, the value of the fund must be increased by $ 420 per gross ton of the subject vessel and all vessels within the flotilla; absent adequate security, this action should be dismissed.

7.   The limitation fund must be increased pursuant to the aforesaid supplemental personal injury fund.

8.   The limitation fund and/ or bond posted by Limitation Petitioner is inadequate and the Complaint- in-Limitation should be dismissed for failure to post adequate security equal to the value of all vessels involved in the completion or performance of the contract, plus pending freight, as said vessels are commonly owned, engaged in a single enterprise and under a single command.

9.   The SEASTREAK WALL STREET was unseaworthy at the commencement of, and during, the voyage.  This unseaworthiness was known to Seastreak, LLC, who failed to exercise due diligence to make the vessel seaworthy at the inception of, and/ or for the duration of the voyage in question.

10.   The petition fails to state a claim upon which relief may be granted.

11.   There was no comparative or contributory fault by Claimant.

12.   There is no right to exoneration of liability under the statutes alleged by petitioner to be applicable.

13.   Claimant is entitled to have his claims heard by a jury in a state court of his choosing.

14.   Such other defenses as available at law or equity and as discovery reveals.

WHEREFORE, Claimant Yuan Wang, prays that the Complaint in limitation be dismissed with prejudice and at the costs of Seastreak, L.L.C.

_____
Michael S. Simon, Esq.

Attorney for Claimant, Yuan Wang

## REQUEST FOR JURY TRIAL

The Claimant requests a jury trial on his Claim, which had he been allowed to file in state court, would have been allowed, and as to which he should not be deprived on account of the exoneration claim, particularly if such claim is unsuccessful.  Alternatively, Yuan Wang requests an advisory jury.

_____
Michael S. Simon, Esq.

Attorney for Claimant, Yuan Wang

5

## VERIFICATION

Michael S. Simon, Esq. Being duly sworn, deposes and says that he is an attorney in the office of Simon, Monahan & Simon, LLC and attorney for the within claimant in the above-captioned action; that he has read the foregoing and knows the contents thereof; that the same is true to his own knowledge except as to matters therein stated to be alleged on information and belief and that, as to those matters therein stated to be alleged on information and belief are investigations and representations made by representatives of the claimant and documents in his possession.

_____
Michael S. Simon, Esq.

Sworn to and Subscribed to

before me this ____8th___ day

of May, 2013

John A Yackel
Notary Public
New Jersey
My Commission Expires 12-02-14

6

## CERTIFICATE OF SERVICE

I hereby certify that on May  8 , 2013, the foregoing documents were filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/ or the District of New Jersey's Local Rules, and/ or the District of New Jersey's Rules on Electronic Service upon the following parties and participants:

**MICHAEL H. ANSELL**
ANSELL GRIMM & AARON PC
1500 LAWRENCE AVENUE
CN 7807
OCEAN, NJ 07712
mha@ansellgrimm.com

**SCOTT C. ARNETTE**
THE ARNETTE LAW FIRM, LLC
830 BROAD STREET
PO BOX 7366
SHREWSBURY, NJ 07702

sarnette@arnettelaw.com

**WILLIAM R. BENNETT, III**
BENNETT ROME LLP
405 LEXINGTON AVENUE
NEW YORK, NY 10174

wbennett@blankrome.com

**KEVIN J. BRUNO**
BLANK ROME LLP
301 CARNEGIE CENTER
3RD FLOOR
PRINCETON, NJ 08540

kbruno@blankrome.com

**ANDREW V. BUCHSBAUM**
FRIEDMAN, JAMES & BUCHSBAUM LLP
21 Kilmer Drive
Building 2, Suite G
Morganville, NJ 07751

abuchsbaum@friedmanjames.com

**SEAN F. BYRNES**
BYRNES, O'HERN AND HEUGEL LLC
28 LEROY PLACE
RED BANK, NJ 07701
sbyrnes@verizon.net

**CHARLES A. CERUSSI**
CERUSSI & GUNN, P.C.
240 MAPLE AVENUE
RED BANK, NJ 07701

ccerussi@cerussilawfirm.com

**JACQUELINE DECARLO**
HOBBIE, CORRIGAN, BERTUCIO & TASHJY, PC
125 WYCOFF ROAD
EATONTOWN, NJ 07724

jdecarlo@hcblawyers.com

**BRIAN D. DRAZIN**
DRAZIN & WARSHAW, PC
25 RECKLESS PLACE
PO BOX 8909
RED BANK, NJ 07701-8909

brian@drazinandwarshaw.com

**FRANK V. FLORIANI**
SULLIVAN, PAPAIN, BLOCK, MCGRATH & CANNAVO, PC
126 STATE STREET
HACKENSACK, NJ 07601
ffloriani@triallaw1.com

**BERNARD D. FRIEDMAN**
FRIEDMAN, JAMES & BUCHSBAUM LLP
21 Kilmer Drive
Building 2, Suite G
Morganville, NJ 07751

bfriedman@friedmanjames.com

**NORMAN M. HOBBIE**
HOBBIE, CORRIGAN, BERTUCIO & TASHJY, PC
125 WYCKOFF ROAD
EATONTOWN, NJ 07724

nhobbie@hcblawyers.com

8

**PAUL T. HOFMANN**
HOFMANN & SCHWEITZER
1130 Route 202 South
Suite A7
Raritan, NJ 08869

paulhofmann@hofmannlawfirm.com


**JOHN P. JAMES**
FRIEDMAN, JAMES & BUCHSBAUM LLP
21 Kilmer Drive
Building 2, Suite G
Morganville, NJ 07751

jjames@friedmanjames.com

**CORNELIUS A. MAHONEY**
MAHONEY & KEANE, LLP
111 BROADWAY
NEW YORK, NY 10006

cmahoney@mahoneykeane.com

**MICHAEL J. PAPPA**
RUDNICK, ADDONIZIO, PAPPA & COMER, PC
PARK VILLAGE
25 VILLAGE COURT
HAZLET, NJ 07730

mjp@rudnicklaw.com

**JORDEN N. PEDERSEN, JR.**
JAVERBAUM, WURGAFT, HICKS, KAHN, WIKSTROM & SININS, P.C.
1 NEWARK STREET
PO BOX 1278
HOBOKEN, NJ 07030
jnp@bakerlaw-nj.com

**EDWARD R. PETKEVIS**
EDWARD R. PETKEVIS PC
1380 HORNBERGER AVENUE
ROEBLING, NJ 08554

ep@erplaw.com

**RICHARD B. STONE**
STONE MANDIA, LLC
685 NEPTUNE BOULEVARD
PO BOX 846
NEPTUNE, NJ 07754-0846

rbs@stonemandia.com

**BENNET SUSSER**
Jardim, Meisner & Susser, PC
30B Vreeland Road
Suite 201
Florham Park, NJ 07932
bennet@jmslawyers.com

**MARVIN R. WALDEN, JR.**
GREENBERG, WALDEN & GROSSMAN, LLC
425 59TH STREET
WEST NEW YORK, NJ 07093
mwalden@greenberg-walden.com

**MICHAEL THOMAS WARSHAW**
Zager Fuchs, PC
PO Box 489
268 Broad Street
RED BANK, NJ 07701

mwarshaw@zagerfuchs.com

**HENRY F. WOLFF, III**
79 FIRST AVENUE
2ND FLOOR
ATLANTIC HIGHLANDS, NJ 07716
lawwolff2@aol.com

**GINO A. ZONGHETTI**
KENNY & ZONGHETTI, LLC
P.O. BOX 508
SADDLE RIVER, NJ 07458

gzonghetti@kszlaw.com

By:        Michael S. Simon, Esq.

Simon, Monahan & Simon

216 Highway 18

East Brunswick, NJ 08816

T: (732) 745- 9400

F: (732) 745- 4685
Law@simonmonahan.com

10