Edward R. Petkevis, Esq.
**EDWARD R. PETKEVIS, P.C.**
1380 Hornberger Avenue
Roebling, New Jersey 08554
(609) 499-4300
(ERP- 6940)
ATTORNEYS FOR CLAIMANTS
JOAN VICIDOMINI and SALVATORE VICIDOMINI

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## NEWARK VICINAGE

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF SEASTREAK, LLC, AS OWNER OF THE VESSEL SEASTREAK WALL STREET FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Civil Action No. 2:13-cv-00315-WJM-MF<br><br>**ANSWER AND AFFIRMATIVE DEFENSE OF JOAN VICIDOMINI and SALVATORE VICIDOMINI TO COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY** |

### ANSWER TO COMPLAINT
### For Exoneration from or Limitation of Liability
### And Affirmative Defenses

And now comes JOAN VICIDOMINI, a passenger on the SEASTREAK WALL STREET, a high speed catamaran ferryboat, and SALVATORE VICIDOMINI, her spouse, by and through their attorneys, Edward R. Petkevis, Esq., of EDWARD R. PETKEVIS, P.C. for their Answer and Affirmative Defenses to the Complaint in Limitation of SeaStreak, LLC, state as follows:

1. The allegations contained in this paragraph do not pertain to these Claimants, and therefore no response is required. To the extent that this Petitioner has failed to comply with the required provisions of the *Limitation of Liability Act*, 46 USC 30501, *et seq.*, *Fed. R. Civ. P.* 9(h) and Rule F of the Supplemental Rules for Certain Admiralty and

      Maritime Claims, the allegations contained in this paragraph, as they pertain to this Petitioner's attempt to limit liability, are denied.

2. The allegations contained in this paragraph do not pertain to these Claimants, and therefore no response is required. To the extent that this Petitioner has failed to comply with the required provisions of the *Limitation of Liability Act*, 46 USC 30501, *et seq.*, *Fed. R. Civ. P.* 9(h) and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, whereby said failure creates a jurisdictional defect, the allegations contained in this paragraph, as they pertain to this Petitioner's attempt to limit liability, are denied.

3. The allegations that the vessel collided with the pier are admitted.

4. The allegations contained in this paragraph do not pertain to these Claimants, and therefore no response is required. To the extent that this Petitioner has failed to comply with the required provisions of the *Limitation of Liability Act*, 46 USC 30501, *et seq.*, *Fed. R. Civ. P.* 9(h) and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, the allegations contained in this paragraph, as they pertain to this Petitioner's attempt to limit liability, are denied.

5. The allegations contained in this paragraph are denied, as they pertain to the conduct of the Petitioner, its agents, servants and employees, and any other culpable parties for whose negligence and recklessness the petitioner is responsible.

6. The allegations as to the value of the vessel are denied. Further, as part of a joint venture involving several vessels, the value of the SEASTREAK WALL STREET is material only in that its proper value, and pending freight, needs to be included in computing the value of the flotilla.

7. The allegations as to the value of the vessel are denied. Further, as part of a joint venture involving several vessels, the value of the SEASTREAK WALL STREET is material only in that its proper value, and pending freight, needs to be included in computing the value of the flotilla.

8. Admitted.

9. Upon information and belief, venue is admitted.

10. Claimants deny that Petitioner has any defense to the claims of Claimants that would support limitation of, or exoneration from liability.

11. Claimants deny that Petitioner is entitled to the protections of 46 USC 30501 and the various statutes supplementary or amendatory thereto. Further, Claimants deny that the proper surety is limited to the value of the vessel, SEASTREAK WALL STREET and its pending freight. Said surety must also include the value of all vessels in the flotilla, their pending freight, and an additional sum of $420 per gross ton of all vessels in said flotilla.

**WHEREFORE**, Claimants, JOAN VICIDOMINI and SALVATORE VICIDOMINI, pray that the within Complaint in limitation be dismissed with prejudice and at the costs of SeaStreak, LLC, and that the Order Restraining Suits be vacated. In the alternative, Claimants, JOAN VICIDOMINI and SALVATORE VICIDOMINI pray:

1. For an award in the full, unlimited, amount of their injuries, plus punitive damages, interest, costs and attorney's fees, and that they be awarded a maritime tort lien against the Limitation Vessel and all vessels that constitute the flotilla;

2. That judgment of condemnation and sale be entered against the Limitation Vessel, and all vessels that constitute the flotilla, their engines, tackle, appurtenances, etc.;

3. That this Court grants priority to their tort claims in this case over the claims of any other claimants to this proceeding.

## Affirmative Defenses

1. The accident occurred within the privity and knowledge of SeaStreak, LLC., and its agents, servants and supervisors, the knowledge of whom is chargeable to SeaStreak, LLC.

2. The collision occurred within the privity and knowledge of the Master of the SEASTREAK WALL STREET, whose knowledge, for purposes of personal injury claims, is imputed to the owner of the SEASTREAK WALL STREET.

3. Posting of Bond is untimely.

4. The security is inadequate pursuant to the "flotilla doctrine" as it fails to account for the value of all vessels in the fleet and their pending freight; absent adequate security, this action should be dismissed.

5. The limitation fund must be increased pursuant to the "flotilla doctrine."

6. The security is inadequate pursuant to the provisions of the Limitation of Liability Act, where for personal injury claims, the value of the fund must be increased by $420 per gross ton of the subject vessel and all vessels within the flotilla; absent adequate security, this action should be dismissed.

7. The limitation fund must be increased pursuant to the aforesaid supplemental personal injury fund.

8. The limitation fund and/or bond posted by Limitation Petitioner is inadequate and the Complaint-in-Limitation should be dismissed for failure to post adequate security equal to the value of all vessels involved in the completion or performance of the contract, plus

pending freight, as said vessels are commonly owned, engaged in a single enterprise and under a single command.

9. The SEASTREAK WALL STREET was unseaworthy at the commencement of, and during, the voyage. This unseaworthiness was known to SeaStreak, LLC, and/or its Master, who failed to exercise due diligence to make the vessel seaworthy at the inception of, and/or for the duration of the voyage in question.

10. Such other defenses as available at law or equity and as discovery reveals.

**WHEREFORE**, Claimants, JOAN VICIDOMINI and SALVATORE VICIDOMINI, pray that the Complaint in limitation be dismissed with prejudice and at the costs of SeaStreak, LLC.

_____
Edward R. Petkevis, Esq.
Attorney for Claimants
JOAN VICIDOMINI and
SALVATORE VICIDOMINI


## REQUEST FOR JURY TRIAL

The Claimants request a jury trial on their Claim, which, had they been allowed to file in state court, would have been allowed, and as to which they should not be deprived on account of the exoneration claim, particularly if such claim is unsuccessful. Alternatively, JOAN VICIDOMINI and SALVATORE VICIDOMINI request an advisory jury.

_____
Edward R. Petkevis, Esq.
Attorney for Claimants
JOAN VICIDOMINI and
SALVATORE VICIDOMINI

## **VERIFICATION**

Edward R. Petkevis, Esq., being duly sworn, deposes and says that he is an attorney in the offices of Edward R. Petkevis, P.C., and attorney for the within claimants in the above-captioned action; that he has read the foregoing and knows the contents thereof; that the same is true to his own knowledge except as to matters therein stated to be alleged on information and belief and that, as to those matters therein stated to be alleged on information and belief are investigations and representations made by representatives of the claimants and documents in his possession.

                                                                Edward R. Petkevis, Esq

Sworn to and Subscribed to
before me this _10th_ day
of May, 2013.

CHERYL A. DUGAN
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES _8/26/14_

6