**BATHGATE, WEGENER & WOLF**
A Professional Corporation
One Airport Road
Lakewood, NJ 08701
(732) 363-0666
Attorneys for Claimants Alfred J. Oliva, Sr. and Debra Oliva

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## NEWARK VICINAGE

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF SEASTREAK, LLC, AS OWNER OF THE VESSEL SEASTREAK WALL STREET FROM EXONERATION FROM OR LIMITATION OF LIABILITY | Civil Action No. 2:13-cv-00315-WJM-MF<br><br>**CLAIM OF DAMAGE OF ALFRED J. OLIVA, SR. and DEBRA OLIVA** |

## CLAIM OF DAMAGE

And now comes Alfred J. Oliva, Sr. a passenger on the SEASTREAK WALL STREET, a high-speed catamaran ferryboat, and Debra Oliva, his spouse, by and through their attorneys, Adam S. Picinich, Esq., of BATHGATE, WEGENER & WOLF, P.C., and make this Claim against the above named SeaStreak, LLC, as follows:

1. The jurisdiction of this Court over this claim arises under and by virtue of the General Admiralty and Maritime Law, pursuant to 28 USC § 1333, and through diversity of citizenship, 28 USC § 1332, this being a claim in excess of $75,000.00 exclusive of costs and interest.

2. Claimants are hereby entitled to a trial by jury pursuant to the "savings to suitors" clause, 28 USC § 1333 which permits, by statutory authority or through the operation of common law, the right to a trial by jury.

3. At all times here involved claimants were residents of the State of New Jersey, and were such on January 9, 2013. SEASTREAK LLC admits it is diverse from plaintiff, it being a corporation with the State of Delaware.

4. SeaStreak, LLC, is an/the owner of SEASTREAK WALL STREET, a high-speed catamaran ferryboat, which ferryboat on the 9th day of January, 2013, violently collided with Pier 11 in the East River in downtown Manhattan while transporting fare paying passengers.

5. On the aforesaid date, Claimant, Alfred J. Oliva, a passenger on said vessel, was violently thrown about, causing him to suffer severe, grievous, permanent and irreparable physical, emotional and psychological injuries.

6. The collision was caused by, among other things, the failure of SeaStreak, LLC, its officers, servants, agents, and employees and/or other persons for whom petitioner was and is responsible, and the unseaworthiness of the vessel to operate said vessel in a safe and proper manner, in accordance with principles of good seamanship. Specifically, Petitioner:

    a. The conduct of the vessel was such that it was operated, controlled, managed and maintained in a careless and negligence manner;

    b. The vessel was not safe, staunch, properly equipped, supplied or seaworthy;

    c. Petitioner failed to maintain the said vessel and its equipment and appliances, in a safe and seaworthy condition;

    d. The vessel was not reasonably safe or suitable to perform the intended voyage;

    e. The vessel was permitted and allowed to go upon the waters in and unsafe and unseaworthy condition and that such condition of said vessel and any and all damages and injuries was done, occasioned and incurred with the privity or

knowledge of the petitioner, its officers, agents, servants or employees at or prior to the commencement of the voyage;

f. Petitioner, its officers, agents, servants, employees, and/or other persons for whom the petitioner was and is responsible, failed to take suitable precautions for the safety of the claimant's decedent under the circumstances and conditions then existing to the knowledge of the petitioner, the said petitioner having actual and constructive notice of the unsafe, dangerous and unseaworthy conditions;

g. Willfully and in reckless disregard for the safety of the passengers, operated the vessel at an excessive rate of speed considering the conditions then existing;

h. Established as its customary practice and procedure unsafe and reckless navigational and docking procedures, whereby the speed of the vessel was primary, and safety an afterthought;

i. Failed to conduct adequate sea trials following vessel modifications to ensure that the vessel, its engines and navigational equipment could safely operate under the extreme conditions established by the vessel owner/operator;

j. Failed to adequately train the crew to react in response to foreseeable emergency conditions that could result from the high speed operation of the vessel;

k. Failed to adequately supervise the crew;

l. Failed to properly inspect and/or maintain the vessel;

m. Lacked the ability to properly maneuver the vessel, or to adequately respond to the complaints of the master and crew that the vessel was difficult to maneuver;

n. In the overhaul of the vessel, improperly substituted equipment to increase economy at the expense of safety and performance.

      o. Failed to have adequate back up systems in place considering the foreseeable risk of system failure that would result from the extreme conditions under which the vessel was operated;

      p. Failed to approach the pier/dock in a proper direction;

      q. Failed to maintain and/or reduce speed in accordance with said conditions then existing;

      r. Violated one or more Rules of the Road pertaining to vessels in navigation;

      s. Failed to warn Claimant of the risks inherent in said operation of the vessel;

      t. Failed to keep a proper lookout;

      u. Failed to operate and maintain a seaworthy vessel with a properly trained and competent crew.

      v. Such other acts of negligence, recklessness or unseaworthy conditions as shall be revealed through discovery and proven at trial.

7. As a direct and proximate result of the above stated negligent, reckless acts and/or the unseaworthiness of the vessel, the vessel violently struck the pier/dock, and Claimant, Alfred J. Oliva, Sr., was caused to be violently thrown about, dropping violently back onto the vessel, suffering severe, grievous, permanent and irreparable physical, emotional and psychological injuries.

8. The foregoing collision was caused in whole or in part by the aforesaid negligence, and/or recklessness of SeaStreak, LLC, and or the vessel's Master, and/or its captain/pilot, the vessel's crew, agents, servants and employees, and within the privity or knowledge of SeaStreak, LLC, and by the failure of SeaStreak, LLC, to maintain a safe and seaworthy vessel at the inception of, and during the duration of the voyage.

9. The foregoing collision was caused in whole or in part by the negligence of SeaStreak, LLC, in its capacity as vessel owner, and within the privity or knowledge of SeaStreak, LLC, and the master of the vessel, and/or its captain/pilot, and by its agents, servants and supervisors, the knowledge of whom is chargeable to SeaStreak, LLC.

10. As a result of said negligence, recklessness and unseaworthiness, Claimant, Alfred J. Oliva, Sr., suffered severe, grievous, permanent and irreparable physical, emotional and psychological injuries and continues to do so. Claimant, Alfred J. Oliva, Alfred J. Oliva, reserves the right to supplement/amend the following list of injuries:

   a. Orthopedic injuries to his lower extremity requiring surgical intervention;

   b. Injuries to his head, neck and back;

   c. scarring and deformity;

   d. pain and suffering;

   e. psychological and emotional trauma, anxiety, torment and anguish;

   f. economic loss;

   g. loss of earning and loss of earning potential; and

   h. loss of enjoyment of life.

11. That by the reason of the foregoing, claimant hereby claims monetary damages for the losses he suffered and will suffer, including for his conscious pain and suffering, past and future, emotional and psychological stress, past and future, his lost wages and benefits, past and future, medical bills, past and future.

12. The Claimant's injuries, furthermore, were the result of the faults, negligence and unseaworthiness of the vessel, and by its owners, operators, officers, agents, employees and crew's gross negligence. Said negligence and gross negligence exhibited itself through the navigation of the vessel and its running into a prier in Manhattan, New York.

13.	As a result of said negligence, recklessness and unseaworthiness, Claimant, Debra Oliva, who, at all times pertinent hereto, was and is the lawful spouse of Claimant, Alfred J. Oliva, Sr. was caused to suffer irreparable psychological and emotional trauma, torment and anxiety; has been and will in the future be forced to expend great sums of money in an effort to seek a cure for her husband's injuries; has been and will in the future be prevented from engaging in her usual pursuits and occupations with her husband, has and will in the future suffer a loss of consortium of her husband, Claimant, Alfred J. Oliva, Sr. and has and will in the future be caused to suffer a loss of enjoyment of life.

14.	Claimants reserve the right to claim against the petitioner and the vessel for such other and further and different faults, negligence, and unseaworthiness as the evidence may disclose.

15.	Claimants further allege that petitioner breached the nondelegable duty in permitting the vessel to go upon the waters in an unsafe and unseaworthy condition, and that the casualty caused by said vessel and any and all damages and injuries resulting therefore was done, occasioned, and occurred with the privity or knowledge, as or prior to the commencement of the voyage upon which the vessel was then engaged.

16.	At all times herein mentioned the vessel was on the navigable waters of the United States and within the admiralty jurisdiction of the United States of America.

17.	The claimant brings this claim for damages pursuant to the provisions of the General Maritime Law and other state, federal, common law and/or statutory provisions or regulations.

18.	This answer is filed herein pursuant to statutes covering limitation of liability proceedings, 46 USC § 30501 et seq., and claimant reserves all rights, including the right to trial by jury.

19. Claim is being made for compensatory damages for these injuries, punitive damages, plus pre-and post judgment interest, costs of suit and attorney's fees.

20. Claimants are entitled to maintain an action to recover damages for the injuries sustained, and hereby claim $1,000,000.00 as the amount of such damages, no part of which has been paid.

21. This claim in this limitation proceeding is being made under protest and without prejudice to Claimants' position that this limitation action is improper, that the limitation action is brought in bad faith and based upon an intentional misstatement of the facts, and should be dismissed.

**WHEREFORE** the Claimants having fully answered, pray:

1. That an order be entered herein that petitioner is not entitled to exoneration from liability herein;

2. That an order be entered herein that petitioner is not entitled to limitation of liability herein;

3. That an order be entered that the occurrence referred to in the complaint happened with the privity and knowledge of the petitioner;

4. That an order be entered that the claimant be permitted to pursue this action with trial by jury to recover damages against the petitioner for injuries and losses as aforesaid;

5. That if this Court does not allow the claimants the right of a trial by jury to recover the aforesaid damages, then in such event the claim of the claimant be allowed as requested herein with interest and costs, and that claimant may have such other and further relief as in law and justice she may be entitled to receive.

6. That claimants be permitted to pursue their claims against such other persons and entities who were also at fault in causing the aforesaid injuries and damages.

WHEREFORE that said Claimants, Alfred J. Oliva, Sr. and Debra Oliva as aforesaid, demand judgment in the amount of $1,000,000.00, plus pre- and post judgment interest, costs and attorney's fees

        Bathgate, Wegener & Wolf, P.C.
        Attorneys for Claimants Alfred J. Oliva, Sr. and Debra Oliva

By:_____
        Adam S. Picinich, Esq.

## REQUEST FOR JURY TRIAL

The Claimants request a jury trial on their Claim, which, had they been allowed to file in state court, would have been allowed, and as to which they should not be deprived on account of the exoneration claim, particularly if such claim is unsuccessful. Alternatively, Alfred J. Oliva, Sr. and Debra Oliva request an advisory jury.

        Bathgate, Wegener & Wolf, P.C.
        Attorneys for Claimants Alfred J. Oliva, Sr. and Debra Oliva

By:_____
        Adam S. Picinich, Esq.

## VERIFICATION

Adam S. Picinich Esq., being duly sworn, deposes and says that he is an attorney in the offices of Bathgate, Wegener & Wolf, P.C., and attorney for the within claimants in the above-captioned action; that he has read the foregoing and knows the contents thereof; that the same is true to his own knowledge except as to matters therein stated to be alleged on information and

belief and that, as to those matters therein stated to be alleged on information and belief are investigations and representations made by claimants and documents in their possession.

                                         Bathgate, Wegener & Wolf, P.C.
                                         Attorneys for Claimants Alfred J.
                                         Oliva, Sr. and Debra Oliva

                                         By:_____
                                              Adam S. Picinich, Esq.
                                              Attorney at Law
                                              State of New Jersey

Dated: May 15, 2013