UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In the Matter of the Complaint<br><br>of<br><br>SEASTREAK, LLC, as Owner of the Vessel SEASTREAK WALL STREET for Exoneration from or Limitation of Liability | CASE MANAGEMENT ORDER AND DISCOVERY PLAN |

Pursuant to L. Civ. R. 16.1(b) and 26.1(b), the parties herein submit their Fed. R. Civ. P. 26(f) discovery plan containing their views and proposals regarding scheduling and case management of this matter:

1. There are no anticipated changes in the timing, form, or requirements of mandatory disclosures under Fed. R. Civ. P. 26(a).

2. The parties will make their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by September 20, 2013. Claimants will include in their initial disclosures fully executed HIPPA medical authorizations for their respective general practitioners and all medical service providers that Claimants sought medical treatment for injuries being claimed herein, fully executed employment authorizations for employers Claimants were employed by for the years 2009, 2010, 2011 and 2012 and for Claimants making loss of wage claims authorizations for tax records for the years 2009, 2010, 2011 and 2012.

3. The parties anticipate that documentary discovery will be required from Seastreak, LLC as Owner of the Vessel SEASTREAK WALL STREET, as well as the deposition testimony of various witnesses, which may include Seastreak, LLC's management personnel, crew on board the Vessel at the time of the allision, and current and former employees

1

of Seastreak LLC. Discovery also will be required from several experts retained on behalf of Seastreak, LLC. Documentary discovery will be required from each of the Claimants in the form of medical records supporting each of the claimants' alleged injuries. Deposition testimony will be required from various witnesses, which may include each Claimant, each of the Claimants' attending physicians, eye-witnesses, and any experts retained on behalf of Claimants. The parties also anticipate that discovery from as of yet unidentified marine architects, marine engineers, shipyard personnel and ship repairers will be required.

4.  The parties anticipate requesting and producing computer-based or other digital information.

5.  Discovery will be conducted as follows, and in accordance with the Court's Order (Dkt. # 205) dated June 24, 2013 designating Lead Counsel:

a.  Parties will serve written discovery requests to include document requests and interrogatories by November 22, 2013. Claimants shall serve joint discovery requests, to include one joint document request and request for interrogatories.

b.  Depositions of Seastreak, LLC's witnesses will commence no later than February 3, 2014 and be completed by September 12, 2014.

c.  Depositions of Claimants and attending physicians will commence no later than February 3, 2014 and be completed by September 12, 2014.

d.  Fact discovery will be completed by October 1, 2014.

e.  The parties will exchange expert reports by December 1, 2014. Expert rebuttal reports will be exchanged by February 6, 2015.

f.  Depositions of experts will be completed by April 30, 2015.

g.  Expert discovery will be completed by May 29, 2015.

6. The parties must move to amend pleadings or add new parties by January 9, 2014.

7. Dispositive motions must be filed by July 31, 2015.

8. A final pretrial conference will be held on September 1, 2015. The trial of this matter will commence on September 21, 2015.

9. At this time the parties do not anticipate the need for any changes in discovery limitations imposed by the Federal Rules of Civil Procedure, local rules, or standing orders.

10. The parties anticipate the need for the entry of an order requiring the preservation of electronic evidence. The parties will submit an order for the Court's approval by July 17, 2013.

11. Referring to Rule 26(b)(2), the parties anticipate having to take more than 10 depositions and stipulate herein to expand the number of depositions permissible under Rule 26. The parties also reserve the right to apply to the court, should the parties not be able to so stipulate, to extending the time to conduct certain depositions beyond the 7 hour time limit.

12. The parties to this action have established proposed deadlines based upon an intentionally aggressive schedule with the hopes of concluding this matter as expeditiously as possible. However, considering that this is a complicated admiralty action involving multiple parties, and potentially multiple jurisdictions, the parties expressly reserve the right to seek such additional time as is necessary to fully discover the facts of this matter and to protect the interests of their respective clients. Accordingly, upon good cause shown, the parties may consent to extend the dates noted herein. All extensions of said dates shall be approved by the Court.

13. The parties submit that it may be possible to resolve the case in whole or in part by mediation pursuant to L. Civ. R. 301.1. The parties will apply to the Court for the

appointment of a mediator(s) following the service of initial disclosure and as necessary thereafter. The parties will agree to a mediator(s).

Dated:   New York, New York
July 10, 2013

Respectfully Submitted,

BLANK ROME LLP

By: _____/S/_____
   Kevin J. Bruno, Esq.
   New Jersey Resident Partner
   Jeremy J.O. Harwood, Esq.
   *(to be admitted pro hac vice)*
   William R. Bennett, III, Esq.
   301 Carnegie Center, 3rd Floor
   Princeton, New Jersey 08540
   (609) 750-7700 (Phone)
   (609) 897-7395 (Fax)
   KBruno@BlankRome.com (e-mail)

-and-

KAUFMAN, DOLOWICH & VOLUCK, LLP
   Gino A. Zonghetti, Esquire
   21 Main Street, Suite 251
   Hackensack, New Jersey 07601
   (201) 488-6655 (Phone)
   (201) 488-6652 (Fax)
   gzonghetti@kszlaw.com (email)

Attorneys for SEASTREAK, LLC

HOBBIE, CORRIGAN & BERTUCIO, P.C.

By: _____/S/_____
   Norman M. Hobbie, Esq.
   Jacqueline DeCarlo, Esq.
   125 Wyckoff Road
   Eatontown, New Jersey 07724
   (732) 380 -1515
   phobbie@.hcblawyers.c
   idecarlo(hcb.lawvcrs,ccm

Claimants' Lead Counsel

SO ORDERED: _____

                        United States Magistrate Judge

4