

**Kaufman Dolowich & Voluck, LLP**
Court Plaza South
21 Main Street, Suite 251
Hackensack, New Jersey 07601-7086
Telephone: 201.488.6655
Facsimile: 201.488.6652
www.kdvlaw.com

Gino A. Zonghetti
Managing Partner
Direct Dial: 201-708-8240
Email: gzonghetti@kdvlaw.com

August 30, 2013

*Via ECF*
Hon. William J. Martini
United States District Court Judge
District of New Jersey
Martin Luther King building
and US Courthouse
50 Walnut St.
Newark, NJ 07101

    Re: **IN THE MATTER OF THE COMPLAINT OF SEASTREAK LLC AS OWNER OF THE VESSEL SEASTREAK WALL STREET FOR EXONERATION FROM OR LIMITATION OF LIABILITY**
      Civil Action No.: 2:13–cv–0315–WJM–MF

Dear Judge Martini:

  As the Court is aware we, along with Blank Rome LLP, represent Petitioner SeaStreak, LLC in the above matter. When we were last before the Court on June 13, 2013 we alerted the Court that Petitioner would seek to settle claims in this action brought pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501 *et. seq.* Based upon our experience we indicated that a mechanism needed to be established whereby Petitioner would receive credit for settlements in the event the limitation is upheld and the fund is insufficient to fully pay out on all of the claims.

  Pursuant to Supplemental Rule for Admiralty or Maritime Claims F(8), entitled "Objections to Claims, Distribution of Fund," "[u]pon determination of liability the fund deposited or secured … shall be divided pro rata, subject to all relevant provisions of law, among the several claims in proportion to the amounts of their respective claims, duly proved …" At the June 13th conference the Court directed the undersigned to re-visit the issue with the Court when, and if, settlements were reached with claimants. Presently, Petitioner has agreed in principal to settle several claims, and has received inquiries about settling numerous other claims. Petitioner has informed counsel for claimants that it has received authority from its client to pay out fully on any claims that it is able to settle in exchange for a general release from

liability and upon Court approval of the settlement. Accordingly, the issue is ripe to be addressed.

    Petitioner and counsel for claimants have attempted to negotiate a stipulation that would govern the manner in which settlements will be handled. It was envisioned by the parties that the stipulation would be presented to the Court for review and approval. Unfortunately, the parties have been unable to agree on all of the terms. Petitioner proposed a mechanism by which upon reaching an agreement to settle, the parties would submit the terms of the proposed settlement to the Magistrate Judge, who would approve (or dis-approve) the settlement as to value. The Magistrate Judge would keep a list of settled, and paid, claims. In the event the Court upholds limitation, the value of the settled claims would be added to the value of any claims tried to the Court to arrive at a total value of all claims. If the total value of claims exceeds the limitation fund, as per Supplemental Rule F(8) the Court will determine the pro rata value of each claim. This is arrived at by dividing the limitation fund (in this case $7.6 million) by the total value of all of the claims. To determine pro rata value the quotient of this division is multiplied by each individual claim. A clear example would be to assume that the total value of all claims (as arrived at by adding all settled claims to the value of claims determined by the Court at trial) equals $10,0000,000. The $7,600,000 limitation fund would be divided by $10,000,000. Individual claims would be multiplied by the resulting quotient of .76 to arrive at the pro rata value of each claim. So, in the event the Court valued a particular claim at $100,000, its pro rata value would be $76,000, which is what would be paid to the claimant. Petitioner would get a $76,000 credit to be set-off from the fund.

    Some claimants have objected to this proposal on the grounds that in the event Petitioner pays out the full value of a settlement, those claimants seeking to settle their claims have a potential advantage over those claimants who have the Court determine the value of their claims since settlements will be paid out at one hundred percent of the settled amount, while cases tried to the Court could result in pro rata reduction in the event the claims exceed the limitation fund. We have attempted to explain that there are potential risks and benefits to all parties in any litigation with respect to settling a claim, and that the mechanism proposed by Petitioner, not only embodies the applicable law but represents a fair and reasonable way to proceed. Certainly any claimant should be entitled to settle his or her claim, and would presumably do so if acceptable terms can be reached.

    There is no question that Petitioner is entitled to receive credit against the limitation fund for settled claims.[1] The value of any settled claim is subject to determination by the Court in

---

[1] By settling a claim in a limitation proceeding the shipowner is, in effect, subrogated to the pro rata rights of the claimants with whom it settled. *See Petition of Tugboat Dalzellea, Inc.* 254 F.Supp. 298 (S.D.N.Y. 1965).

making the pro rata assessment, which is why Petitioner has proposed having each settlement approved for value by the Magistrate Judge.

Although the concern of some claimants is that Petitioner's decision to pay out the full value of settlements could benefit claimants who settle over those who proceed to trial and risk pro rata reduction of their claims, petitioners have determined that it is simply not feasible to attempt to settle claims without paying out on the claims at the time of settlement. Indeed, no claimant would have any incentive to settle, and claimant's counsel would assuredly advise against any settlement that would require a claimant to wait until the entire limitation action is concluded in order to receive settlement funds, which could end up being reduced pro rata. The fact that Petitioners will pay out the full value of the settlements does not unfairly reduce the limitation fund available to non-settling claimants since payout from the fund is on a pro rata basis, and Petitioner's credit for settlements is similarly on a pro rata basis. Petitioners submit that the mechanism it has proposed is consistent with applicable law, reasonable, and makes abundant sense. Annexed hereto is a copy of a proposed order that Petitioners believe should appropriately govern the mechanism by which settlements in this case are effected.

We seek the Court's intervention on this issue. We believe that the law is clear on this issue and that this is a relatively straight-forward matter which should be resolved quickly so that the parties can move forward with the settlement of claims and those injured claimants who are desirous of resolving their claims can be paid. Accordingly, we ask that the Court either conduct a conference to resolve the issue, or, if necessary, establish a schedule for the parties to brief the issue.

Very truly yours,
Kaufman Dolowich & Vouck, LLP

Gino A. Zonghetti

Blank Rome, LLP
301 Carnegie Center, 3rd Floor
Princeton, New Jersey 08540
William R. Bennett, III, Esq.
Alan M. Weigel, Esq. (pro hac vice)

Cc:   All Counsel of Record