

**KAUFMAN DOLOWICH VOLUCK**
ATTORNEYS AT LAW

Gino A. Zonghetti
Managing Partner
Direct Dial: 201-708-8240
Email: gzonghetti@kdvlaw.com

Kaufman Dolowich & Voluck, LLP
Court Plaza South
21 Main Street, Suite 251
Hackensack, New Jersey 07601-7086
Telephone: 201.488.6655
Facsimile: 201.488.6652
www.kdvlaw.com

September 6, 2013

*Via ECF*
Hon. William J. Martini
United States District Court Judge
District of New Jersey
Martin Luther King building
and US Courthouse
50 Walnut St.
Newark, NJ 07101

Re:  **IN THE MATTER OF THE COMPLAINT OF SEASTREAK LLC AS OWNER OF THE VESSEL SEASTREAK WALL STREET FOR EXONERATION FROM OR LIMITATION OF LIABILITY**
Civil Action No.: 2:13–cv–0315–WJM–MF

Dear Judge Martini:

In response to claimants' counsel's last letter regarding the proposed order regarding settlement, it counsel continues to raise non-issues and for no good reason attempts to claim that counsel for petitioner has been inconsistent, which is not the case. In sum, the proper procedure requires that the approved value of the settlements are added to the value of those claims tried to the Court, and the entire amount is then reduced on a pro rata basis as are each of the claims, both those settled and those tried. The shipowner gets credit in the limitation fund for the pro rata value of the settlement. So, the shipowner, in the first calculation, i.e. the adding up of all of the claims, gets credit for the *full value* of the settlement, to which is it subrogated, and then when the claims are reduced pro rata, it gets value in the limitation fund based upon the *pro rata value* of the claims. Petitioner has stated this *consistently* since the issue was raised, no matter how counsel for claimants attempts to twist this issue. We proposed deleting redundant and unnecessary language from the order proposed by claimants for those reasons – claimants' wording was redundant and unnecessary. Since all claims in the limitation fund are being reduced on a pro rata basis, there is no reason to separately state in the order that settled claims are being reduced on a pro rata basis. In fact, settled claims would have already been paid to the claimants based upon their full settled value by the time of the pro rata calculation so any pro rata calculation of settled claims is merely for academic purposes. The only pay out at that point

in the litigation will be of tried claims, and it is only those claims that will truly need to be calculated on a pro rata basis in order to be paid out in the correct amount.

The other assertions of sinister intent on the part of Petitioner in changing innocuous words in the order it proposed are simply off-base. Petitioner believes that the order it has submitted is comprehensive and clearer than the order submitted by claimants and request that it be entered.

Finally, counsel for claimants continues to use the phrase "on behalf of the majority of Claimants" as opposed to Lead Counsel. In another section, counsel uses the phrase "the vast majority of Claims for who this firm speaks…"   There appears to be some level of gamesmanship afoot, and it is confusing. It appears counsel is not speaking on behalf of all claimants, but only those claimants it directly represents, which constitute a de facto majority of the claimants. We suggest that counsel be instructed to clearly identify in the future the capacity in which it is writing for the sake of clarity.

Very truly yours,
Kaufman Dolowich & Vouck, LLP

Gino A. Zonghetti

Blank Rome, LLP
301 Carnegie Center, 3rd Floor
Princeton, New Jersey 08540
William R. Bennett, III, Esq.
Alan M. Weigel, Esq. (pro hac vice)

Cc:   All Counsel of Record