**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IN THE MATTER OF THE COMPLAINT OF SEASTREAK, LLC, AS OWNER OF THE VESSEL SEASTREAK WALL STREET FOR EXONERATION FROM OR LIMITATION OF LIABILITY** | Civil Action No. 13-315 (WJM)<br><br>**MEMORANDUM OPINION** |

**FALK, U.S.M.J.**

      This maritime limitation action involves the Seastreak Wall Street, a passenger ferry that allided with Pier 11 in New York City on January 9, 2013.  On January 16, 2013, the Vessel's owner, Seastreak, filed a Complaint under the Limitation of Shipowners' Liability Act, seeking either exoneration from liability or to limit its liability to the value of its interest in the vessel – $7.6 million.  See 46 U.S.C. § 30505; Fed. R. Civ. P. Supp. Rule F(4).  Also on January 16, Judge Martini entered an Order directing potential claimants to file claims by May 16, 2013.  Forty-six (46) claims were filed prior to that deadline, some with multiple claimants.

      A Scheduling Order was entered on July 17, 2013.  Fact discovery closes on October 1, 2014.  The parties are presently scheduling depositions.  Approximately 20

claimants have settled, which this Court has approved.

Pending before the Court is an April 4, 2014 motion by Proposed Claimant, Rachard Lindo, seeking to file a claim and answer in the within proceeding *nunc pro tunc*. [CM/ECF No. 270.] Petitioner opposes the motion. The motion was discussed with counsel on the record on July 8, 2014. For the reasons set forth herein, the motion is **granted**.

I.  **The Motion**

The proposed claimant is Rachard Lindo, who, in a declaration submitted with the motion, describes himself as a 27-year old male who was on board the Seastreak vessel when it allided with Pier 11. (Declaration of Rachard Lindo ("Lindo Decl.") ¶ 2.) Mr. Lindo states that he was standing inside the ferry at the time of the accident. (Lindo Decl., ¶ 7.) He initially declined medical assistance and walked to his job on Chambers Street, but did not feel well and eventually took a taxi from his job to New York Downtown Hospital, where he complained of neck and back pain and dizziness. (Lindo Decl., ¶¶ 7-10.) A few days after the accident, he retained a law firm—Harmon, Linder & Rogowsky—to represent him in connection with the ferry allision. (Lindo Decl., ¶ 11.) Mr. Lindo's medical treatment is apparently ongoing and involves a lumbar discectomy and decompression at L4-5. (Lindo Decl., ¶ 12.)

Mr. Lindo certifies that he had no knowledge that Seastreak filed this lawsuit, and that the law firm that he initially hired did not inform him of the case; the need to file a claim; and in fact, failed to file a claim on his behalf. (Lindo Decl., ¶¶ 13-17.) Mark J.

Linder, Esq., an attorney with the Harmon Linder firm that Mr. Lindo hired days after the allision, has submitted a certification supporting Mr. Lindo's version of the events and acknowledging that the failure to file a timely claim on Mr. Lindo's behalf was due to "attorney neglect and not the intentional decision on the part of my firm . . . ." (Declaration of Mark Linder, Esq., ¶ 2.)

On April 1, 2014, Mr. Lindo hired present counsel, Andrew V. Buschbaum, Esq. (Lindo Decl., ¶ 19.) The next day, April 2, 2014, Mr. Buschbaum filed the present motion to file a claim and answer *nunc pro tunc*.

## II.  **Legal Standard**

Supplemental Admiralty Rule F(4) provides that, "for cause shown, the court may enlarge the time within which claims may be filed." The Rule grants courts authority to permit the filing of untimely claims. See, e.g., In re Trace Marine, Inc., 114 Fed. Appx. 124, 126-27 (5th Cir. 2004). Although the Third Circuit has not addressed the issue, courts generally consider three factors in deciding whether to allow late claimants to file untimely claims: (1) whether the proceeding is pending and undetermined; (2) whether granting the motion will adversely affect the rights of any party to the litigation; and (3) the claimant's proffered reason—the cause—for filing the late claim. See, e.g., Alter Barge Line, Inc. v. Consol. Grain & Barge Co., 272 F.3d 396, 397 (7th Cir. 2001); Jappinen v. Canada Steamship Lines, Ltd., 417 F.2d 189 (6th Cir. 1969). The reason underlying the late filing must outweigh the potential prejudice to the existing parties, which is a fact specific inquiry. See Texas Gulf Suphur Co. v. Blue Stack Towing Co., 313 F.2d 359, 363 (5th Cir. 1969).

As former Chief Judge Brown has noted with respect to the showing required to grant a request for an untimely claim: "courts have held that late claimants in admiralty proceedings need *not* show *good* cause. [T]hus, when a claimant shows cause, courts must freely grant permission to file late claims so long as the limitation proceeding is ongoing and the late claim will not prejudice other parties." In re Deray, 2006 WL 1307673 (D.N.J. May 10, 2006) (emphases added) (quotations omitted).[1]  Thus, instead of "good cause," most courts apply what is referred to as a "minimal cause" standard. Alter Barge Line, 272 F.3d at 396 ("We note first that late claimants in admiralty proceedings need not show good cause. [T]he cause required in this context is minimal; an explanation rather than a justification for the delay will suffice.").[2]

In sum, "[s]o long as the limitation proceeding is pending and undetermined, and

---

[1] There are two cases from this District discussed in the papers: In re Deray, 2006 WL 1307673 (D.N.J. May 10, 2006) (Judge Brown) and In re Miss Belmar II Fishing, Inc., 2014 WL 1217771 (D.N.J. Mar. 24, 2014) (Magistrate Judge Goodman).  In Deray, Judge Brown granted the request to file an untimely claim; in Miss Belmar, Magistrate Judge Goodman denied the request.  The cases are fact specific, and therefore, bear minimal relevance to this case.  Nevertheless, it is enough to say that Miss Belmar is distinguishable for many reasons, not the least of which is the state of the relative cases.  As is discussed below, this case is still in the early stages.  Conversely, Miss Belmar was much more advanced in discovery with "all but a small percentage of discovery" already complete.  Id. at *8.  Moreover, Miss Belmar did not involve, as this case does, a single claimant and an attorney error leading to a proposed untimely claim.

[2]  There is some disagreement on the "level" of cause that must be shown.  The Seventh Circuit requires only minimal cause. Alter Barge Line, 272 F.3d at 397. Conversely, some courts require good cause.  See, e.g., In re Trace Marine, 114 Fed. Appx. at 126-27.  The Third Circuit has not discussed the issue.  In Deray, Judge Brown adopted the minimal cause standard of the Seventh Circuit.  Judge Goodman did not reach the issue, finding that the claimant in Miss Belmar failed to show even minimal cause.  Id. at *9 n.5.  This Court agrees with Judge Brown and concludes that "good" cause need not be shown.

the rights of the parties are not adversely effected, the court will freely grant permission to file late claims, upon an affidavit reciting the reasons for failure to file within the time limited." In re Bartin Deniz Nakliyati, 1989 WL 128581, at *5 (E.D.N.Y. July 10, 1989); see also Sagastume v. Lampsis Nav. Ltd., Drosia, 579 F.2d 222, 224 (2d Cir. 1978).

### III.   Analysis

*Factor 1*:   *Whether the Proceeding is Pending or Undetermined.*

Despite Petitioner's argument that this case is advanced, the reality is that this case is still in the early stages and is clearly pending and undetermined. As was discussed at the initial scheduling conference in this case (and as is expressly stated in the Court's Scheduling Order), an <u>extended</u> schedule was entered in this case—<u>at the parties' request</u> because of the National Transportation Safety Board's ("NTSB") investigation into the crash. The NTSB issued its report on April 8, 2014, which is *after* Mr. Lindo requested permission to join the suit. At the time that this motion was made, very little had occurred at all. Even now, three months after the motion was filed, there is still a large amount of discovery that remains. Depositions have only just begun; indeed, the parties were still fighting, in this Court, over the location of depositions as late as May. Discovery is open until October 1, 2014, and that is assuming no extension requests are made.[3] Expert discovery extends until May 2015.

---

[3] At the conference held on the record today, Petitioner's counsel conceded that there was "no doubt" that additional time for depositions would be required.

Moreover, Seastreak requested, and this Court granted, an extension of the deadline to *move to add new parties to this lawsuit* to June 30, 2014, based on the potential to add third parties to the action following the NTSB investigation. And now, by letter dated June 26, Petitioner requests for that deadline to be further extended until the end of July.[4] Seastreak's requests were made *after* Mr. Lindo's motion to join the case. If Petitioner is extending time to possibly add new parties, it would seem equitable to afford Mr. Lindo the same courtesy.

In all events, it is true that some claims have settled but this case is a long way from over. Depositions are still ongoing; discovery is open for another 3 months; expert discovery has not even started; and the deadline to add new parties is still weeks away. And we haven't even discussed scheduling of dispositive motions.

***Factor 2:    Granting the Motion Will Not Prejudice Any Party to the Litigation***

Petitioner claims prejudice will result for various reasons, but none are persuasive. First, prejudice is claimed because of "new discovery and the delay new discovery would entail." That is entirely unsupported. We are talking about a single claimant, one set of discovery demands and perhaps a medical examination. Discovery is not even over until October. In addition, Petitioner is contemplating moving to bring in a third party. Won't that third party want to extend discovery as well? Petitioner can't be heard to complain about discovery relating to Mr. Lindo, a single claimant, yet at the same time

---

[4] This request was granted on the record today.

6

keep requesting extensions of the deadline to add new parties—parties that would presumably also want discovery.

Second, Petitioner claims that other Claimants would be prejudiced because adding a new claimant will impact settlement offers in the future. This is somewhat of an odd argument coming from *Petitioner's counsel, who doesn't represent the Claimants, and the Claimants have not submitted any opposition papers; moreover, according to Mr. Lindo's papers, no Claimant has objected to his late claim*. (Reply Br. 5.) The position is also belied by the fact that we are discussing <u>one single claim</u>; this motion isn't seeking to introduce dozens of claims. And, in all events, the potential for slight diminution is insufficient, in light of the equitable nature of admiralty proceedings, to support a finding of prejudice. <u>See, e.g.</u>, <u>Aponte v. Caribbean Petroleum Corp.</u>, 2014 WL 1046881, at *2 (D.P.R. Mar. 19, 2014) (Finally, an incongruous result would occur were courts to deny late claims simply because of a foreseeable diminution of other claimants' recoveries.").

Third, Petitioner claims that "the Court must weigh the prejudice this single new claimant poses against the prejudice that would result from multiple new claims that undoubtedly seek to join the proceeding should Mr. Lindo's claim be allowed." (Br. 10.) This argument is completely unpersuasive. There is no pending avalanche of late claims. We are dealing with a single claim by a single individual. This decision has no bearing on any other claims that any other individuals would seek to bring at a later time — were that even to occur. There is no one beating down the courthouse door besides Mr. Lindo.

And, as mentioned earlier, any later claims would be analyzed on the specific facts that any subsequent proposed claimant presented.  Allowing Mr. Lindo's claim does not mean that any other claims would be allowed.  It's a fact specific inquiry.

In short, there is no prejudice whatsoever to any party to this case by allowing the single claim of Mr. Lindo to be added at this time.

*Factor 3*:  *Claimant has Shown the Requisite Cause*

As Judge Brown held, all that is needed is an *explanation* why a claim wasn't timely filed, not a showing of good cause why it wasn't.  In re Deray, 2006 WL 1307673, at *1 (D.N.J. May 10, 2006) (citing Alter Barge Line, Inc., 272 F.3d at 397).

Mr. Lindo has more than shown sufficient cause.  He has submitted a declaration explaining that he hired a lawyer days after the crash.  He has also sworn that he had no knowledge of the lawsuit; was never made aware of the limitation date; and never saw notices in newspapers or any other publication indicating that a claim had to be filed by a date certain.  But the real bottom line is that he hired a lawyer for purposes of filing a claim.  That lawyer—Mr. Linder—has submitted a declaration saying that attorney neglect is the reason Mr. Lindo's claim was not timely filed.  (Linder Decl., ¶ 2.)  As recognized by the Seventh Circuit in Alter Barge, attorney neglect can be a sufficient reason to allow a late claim.  See 272 F.3d at 397; see also In re Vermillion Towing Corp., 227 F. Supp. 933, 934 (D. Va. 1964).  Mr. Lindo hired a lawyer to file a claim and it did not get filed.  It would be extremely unfortunate to pass this dispute through to a

8

malpractice lawsuit, especially given the low threshold associated with this motion and the absence of any real prejudice to any party to this case.  Based on the attorney error and the complete absence of actual knowledge, the Court is satisfied that Mr. Lindo has shown sufficient cause to warrant the filing of his late claim.

## CONCLUSION

For all of the reasons stated above, Claimant Rachard Lindo's motion seeking to file a claim and answer in the within proceeding *nunc pro tunc* [CM/ECF No. 270] is **GRANTED**.

                                                    s/Mark Falk
                                                    **MARK FALK**
                                                    **United States Magistrate Judge**

**Dated: July 8, 2014**