UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF<br><br>SEASTREAK, LLC, AS OWNER OF THE VESSEL SEASTREAK WALL STREET FOR EXONERATION OR LIMITATION OF LIABILITY | Civ. No. 2:13-00315 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Petitioner Seastreak, LLC ("SeaStreak") brings this action seeking exoneration from or limitation of liability under the Limitation of Liability Act (the "Limitation Act"), 46 U.S.C. § 30501 et seq. This matter comes before the Court on Petitioner's appeal of Magistrate Judge Mark Falk's July 8, 2014 decision granting Proposed Claimant Rachard Lindo's motion to file a claim and answer *nunc pro tunc*. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Petitioner's appeal is **DENIED**, and Judge Falk's July 8, 2014 decision is **AFFIRMED**.

I. BACKGROUND

This maritime case involves the SEASTREAK WALL STREET (the "Vessel"), a passenger ferry that allided with Pier 11 in New York City on January 9, 2013. Compl. ¶ 3, ECF No. 1. On January 16, 2013, the Vessel's owner, SeaStreak, filed a Complaint under the Limitation Act in this Court seeking either exoneration from liability or to limit its liability to the value of its interest in the Vessel – $7.6 million. Compl. ¶¶ 7, 11. On January 16, 2013, the Court entered an interim order limiting liability to the value of the Vessel and directing potential claimants to file claims by May 16, 2013. Forty-six claims were filed before that deadline, some with multiple Claimants.

On April 4, 2014, Proposed Claimant Rachard Lindo moved to file a claim and answer in this case *nunc pro tunc*. Lindo maintains that the law firm he initially hired failed to inform him of the pending limitation action or the need to file a claim and failed to file a claim on his behalf. An attorney from that firm submitted a certification supporting Lindo's version of events and acknowledging that the failure to file a timely claim was due to "neglect and not an intentional decision on the part of my firm. . . ."

At the time Lindo filed his motion, this case was still in its early stages. Depositions had not begun, and discovery was not scheduled to end until October 1,

1

2014. Expert discovery was scheduled to extend until May 2015. Moreover, at Petitioner request, the Court extended the deadline to move to add new parties to this action to late July 2014. Notably, that request was made after Lindo moved to join the case. Further, as of this date, the Court has set neither a schedule for dispositive motions nor a trial date. Thus, while it is true that some Claimants have settled, even today this case is far from over.

Nevertheless, Petitioner opposed Lindo's motion. None of the other Claimants filed opposition papers. On July 8, 2014, Judge Falk granted the motion. Petitioner appeals.

## II.   LEGAL STANDARD

A district court may reverse a magistrate judge's order if it finds the ruling to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). The district court is bound by the clearly erroneous rule as to findings of fact, while the phrase "contrary to law" indicates plenary review as to matters of law. *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992). A finding is considered "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). A decision is considered contrary to the law if the magistrate judge has "misinterpreted or misapplied applicable law." *Doe v. Hartford Life Acc. Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006).

## III.   DISCUSSION

Judge Falk's decision was neither clearly erroneous nor contrary to law. Supplemental Admiralty Rule F(4) provides that, "for cause shown, the court may enlarge the time within which claims may be filed." Although the Third Circuit has not addressed the issue, courts generally consider three factors when deciding whether to allow untimely claims: (1) whether the proceeding is pending and undetermined; (2) whether granting the motion will adversely affect the rights of any party to the litigation; and (3) the claimant's proffered reason – the cause – for filing the late claim. *See, e.g., Alter Barge Line, Inc. v. Consol. Grain & Barge Co.*, 272 F.3d 396, 397 (7th Cir. 2001); *Jappinen v. Canada Steamship Lines, Ltd.*, 417 F.2d 189 (6th Cir. 1969). Regarding the third factor, "late claimants in admiralty proceedings need not show good cause." *In re Deray*, No. 05-2049, 2006 WL 1307673, at *1 (D.N.J. May 10, 2006) (quoting *Alter Barge Line, Inc.*, 272 F.3d at 397. Rather, ". . . when a claimant shows cause, courts must freely grant permission to file late claims so long as the limitation proceeding is ongoing and the late claim will not prejudice other parties." *Id.*

Judge Falk found that the instant case was pending and undetermined and that granting the motion would not prejudice any party to the litigation. He further found that

Lindo needed to show only cause – and not good cause – for his untimeliness and that the certification from Lindo's initial law firm demonstrated sufficient cause for the late filing. Those findings are well-supported by the relevant facts and based on correct interpretations of applicable law. As explained above, discovery in this case had barely begun when Lindo filed his motion; in fact, it is still pending today. And Petitioner's lamentations of prejudice are unavailing. As Judge Falk noted, we are dealing with a single claim by a single individual, and Petitioner itself requested an extension to the deadline for adding third parties to the case months after Lindo filed his motion. Also, none of the other Claimants have objected to the late claim. Finally, given the facts of this case, the Court agrees that Lindo need not show good cause and that attorney neglect is a sufficient reason to permit his late claim. Judge Falk thus correctly granted Lindo's motion, and the Court will affirm his decision.

## IV.   CONCLUSION

For the above reasons, the Court **DENIES** Petitioner's appeal and **AFFIRMS** Judge Falk's July 8, 2014 decision. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: October 31, 2014**